Matthias, J.
 

 There is no issue in this cáse as to the validity of the provisions of the ordinance upon which the charge against the defendant was based. It contains substantially the same provisions as are embodied in Section 12606, General Code, in force and effect since. 1908. The application of long established
 
 *531
 
 and well settled principles of construction of penal provisions to the undisputed facts disclosed by the record is all that is required to determine the only question of law presented.
 

 The trial judge, a jury having been waived, announced his findings at the close of the trial, wherein he stated that the “facts are not in issue at all”; and also that the defendant did stop; that the testimony is uncontradicted; that everyone so testified; that there is no question that the man staggered into the path of the car; and that the three occupants of the car, “the wife, his friend and himself, got out.”
 

 It is conceded that there was no request by the person injured or any person that the defendant “give such person his name and address;” and yet the defendant was convicted only of the violation of that clause of the ordinance. The trial court, in his findings, so stated, and then emphasized the same by stating that “Had he identified himself there would have been nothing to this case.”
 

 The trial court construed the provisions of the ordinance requiring the giving of the name and address
 
 upon request
 
 as a mandatory requirement that the defendant “shall identify himself” and, after having found that the defendant had met every other requirement of the ordinance, the trial judge stated: “They fail to identify themselves as he being the driver that hit this man.”
 

 The court thus, by judicial construction, amended the ordinance by eliminating the provision that “upon request of the person injured or any person” and also by inserting the additional requirement that “he shall identify himself,” and then proceeded to find the defendant guilty of a violation of the ordinance as thus amended. The function of courts is to construe and apply, not to enact, amend or repeal, laws.
 

 The principle of statutory construction involved
 
 *532
 
 here is stated in 12 Ohio Jurisprudence, 55, Section 12, with a citation of supporting decisions, as follows:
 

 “*
 
 '* *
 
 A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute. Nor can a penal statute be extended by implication to cases not falling within its terms. Persons cannot be made subject to a statute by implication. Only those transactions are included which are within both its spirit and letter; and all doubts in the interpretation of a statute are to be resolved in favor of the accused. An act, to be punishable as a crime in Ohio, must be specifically embraced within the terms of some statute. Where a statute defining an offense designates one class of persons as subject to its penalty all other persons are deemed to be exempted therefrom.”
 
 State
 
 v.
 
 Associates Investment Co.,
 
 136 Ohio St., 456, 26 N. E. (2d), 457, 129 A. L. R., 1074.
 

 The same principle is stated in apt language, with citation of numerous supporting authorities, in 14 American Jurisprudence, 773, Section 19:
 

 “The legislature, in the exercise of its power to declare what shall constitute a crime or punishable offense, must inform the citizen with reasonable precision what acts it intends to prohibit, so that he may have a certain understandable rule of conduct and know what acts it is his duty to avoid.
 
 * *
 
 # The courts are not at liberty to supply the deficiency or undertake to make the statute definite and certain. * * * It is axiomatic that statutes creating and defining crimes cannot be extended by intendment. Purely statutory offenses cannot be established by implication. There can be no constructive offenses. ’ ’
 

 The so-called hit-skip statutes of various states are in great variety and differ essentially. Some have the positive requirement that the automobile driver in
 
 *533
 
 volved in a collision shall identify himself or make himself known, and some go so far as to require the rendition of assistance in Die event of injury by such collision. See cases cited in 101 A. L. R., 911. However, the decisions of courts of last resort considering and applying such provisions are of little assistance in the consideration of the question presented here.
 

 Giving proper consideration to the finding of the trial judge, requires the conclusion that there was no violation of the provisions of the ordinance as it reads. Defendant’s only offense, according to the finding of the trial judge, was in failing to identify himself. That, under the provisions of the ordinance, would have been accomplished by giving his name and address. We can readily agree that he should have done that and more. But the giving of such information is required by the ordinance only “upon request of the person injured or any person.” Such is the duty imposed by the ordinance, for the failure to perform which, punishment is prescribed.
 

 So far as we are able to ascertain, the only decision of a court of last resort which involved the consideration of a penal provision similar to the one in question here is found in
 
 McDonald
 
 v.
 
 State,
 
 54 Okla. Cr., 122, 15 P. (2d), 149. It is said in that opinion:
 

 “The offense denounced by the statute is not a collision, but is, first, the failure to stop; or, second, the failure to give information on request after stopping. Since the defendant did stop, he is not guilty unless he failed or refused to give requested information, and it is admitted that no such request was made. The fact that defendant left the scene without giving information is not a crime. It is a crime only in the event request for the information was made.”
 

 The court thereupon declared that “It is a fundamental principle of criminal law that there can be no constructive offenses, and statutes are not to be en
 
 *534
 
 lavged by construction or extended by inference to cover acts not clearly within both the letter and the spirit of a penal statute. Measured by this test, the evidence is insufficient to sustain the judgment. ’ ’
 

 The judgment of the Court of Appeals is reversed and final judgment rendered for appellant.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.