THE STATE OF OHIO, APPELLEE, *v.* CARUSO, APPELLANT.

(No. 687—Decided January 11, 1963.)

*Mr. Fred V. Skok*, prosecuting attorney, and *Mr. David P. Freed*, for appellee.

*Mr. J. Melvin Andrews*, for appellant.

BROWN, P. J. The defendant, appellant herein, was charged with leaving the scene of an accident in violation of Section 4549.02, Revised Code.

The evidence consisted of the testimony of the witness, Terry Schmidt, a boy aged twelve years, who testified that a collision occurred between a bicycle he was riding and an automobile driven by the defendant.

From Schmidt's testimony it is quite clear that the defendant stopped his car after the collision, assisted Schmidt to his feet and inquired if he was hurt. It is further clear that Schmidt then stated he was not hurt. Defendant moved the bicycle to the side of the road and made further inquiries intended to determine that Schmidt lived nearby. The defendant then left the scene of the accident.

Section 4549.02, Revised Code, provides:

"In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall stop and, upon request of the person injured or any other person, shall give such person his name and address and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle."

There was no evidence that the person injured, or any other person, requested of the defendant his name or address. At the conclusion of the state's evidence, the defendant moved for a dismissal, which was not granted. No further evidence was introduced, and the motion for dismissal was renewed and again overruled.

The only issue in this case is whether there was, under this evidence, a violation of Section 4549.02 of the Revised Code.

Since that section does not require that the driver or operator give his name or address or identify himself where no request therefor is made, it would appear that there is no evidence of a violation of the requirements of the statute.

. The conviction under this evidence could be sustained only if the court extended by construction the statute in question and added to it a requirement not therein contained requiring the driver or operator to act differently in those cases where the person injured is a minor.

"* * * A statute defining a crime or offense cannot be extended by construction to persons or things not within its descriptive terms though they appear to be within the reason and spirit of the statute or within the mischief intended to be avoided, and this is true even though the cases appear to be of equal atrocity. Only those transactions are included which are within both its spirit and letter; and all doubts in the interpretation of a statute are to be resolved in favor of the accused. * * *" 15 Ohio Jurisprudence (2d), 256, 257, Section 21.

We conclude that the decision of the Supreme Court in *City of Cleveland* v. *Jorski*, 142 Ohio St., 529, applies.

The judgment of the court below is reversed, since the evidence is insufficient to sustain the judgment.

*Judgment reversed.*

DONAHUE and SKEEL, JJ., concur.

SKEEL, J., of the Eighth Appellate District, sitting by designation in the Seventh Appellate District.