CITY OF CINCINNATI, APPELLEE, *v.* WAYNE, APPELLANT.

(No. 11079—Decided May 25, 1970.)

Mr. *William A. McClain,* Mr. *Ralph E. Cors* and Mr. *William B. Singer,* for appellee.
Mr. *Bernard J. Gilday, Jr.,* for appellant.

HESS, J. This is an appeal from the Hamilton County Municipal Court by Patricia Wayne who was convicted and sentenced by that court for violation of Sections 901-i1 and 901-i2 of the Code of Ordinances, city of Cincinnati. Both charges grew out of the same incident.

At approximately three p. m., August 27, 1969, Patricia Wayne, herein referred to as defendant, was observed by police officers of the city of Cincinnati, herein generally referred to as city, and others, alighting from an automobile on Sixth Street in Cincinnati, Ohio, without any covering on her body from the waist up except for some form of adhesive known as "pasties" which covered the nipples of her expansive mammary glands, a hat and gloves. As the defendant walked in a normal manner westerly along Sixth Street, she was approached by city police officers, photographed and arrested for violation of Section 901-i1 (indecedent behavior) and Section 901-i2 (indecent exposure), Code of Ordinances of the city.

Prior to her plea, the defendant filed a plea in abatement to the alleged violation of Section 901-i2, which was overruled. The two cases went to trial on October 31, 1969, without a jury.

The court found the defendant guilty of both charges and sentenced her to serve fifteen days in the city workhouse and pay a fine of $25 and costs on each charge.

Four assignments of error are presented by the defendant: (1) that the trial court erred in overruling the plea in abatement as to the charge of indecent exposure; (2) that the court erred in finding that defendant's conduct, as a matter of law, violated the city ordinances; (3) that the trial court erred in finding defendant guilty of each charge without any evidence, expert or otherwise, of contemporary community standards; and (4) that the court erred in finding the defendant guilty of violating both ordinances, to wit, indecent exposure and indecent behavior.

The first assignment of error raises the legal proposition of whether the defendant, being a female, is amenable to being prosecuted under Section 901-i2 (indecent exposure), city ordinance, which reads as follows:

"Whoever shall violate the public peace of the city by making any indecent and immoral exhibition or exposure of *his* person, or shall cause or procure any person or persons to do the same in the presence or view of any other person or persons, shall be fined * * *." (Emphasis added.)

A view of the photograph of the defendant can leave no doubt in the mind of any court that the defendant is a female. No reference is made in the Code of Ordinances of the city that when the pronoun "his" is used as a part of or reference in any ordinance it shall be deemed to include the female gender. The pronoun "his" is a commonly understood word of the English language. It is unambiguous. "His" means male sex.

The city maintains that the word "his" as written in the ordinance (Section 901-i2) applies to both the male and female gender, and quotes the expression of "he who hesitates is lost" as being commonly accepted to apply to both male and female persons. (It might also be quoted: "she who does not hesitate is lost.") Further, it contends that, when the Legislature of Ohio provides in R. C. 1.10 (B) that "words in the masculine gender include the female and neuter genders," such statute should be applied to the city ordinances even though, "admittedly, no such section appears in the Cincinnati Code of Ordinances."

The city has recognized the importance of designating the sex of individuals in the enactment of certain ordinances criminal in nature. Section 901-d4 provides that "It shall be unlawful for any person to wilfully conduct *himself* or *herself* in a noisy, boisterous, rude, insulting, or other disorderly manner * * *"; Section 901-g9 reads: "It shall be unlawful for any minor of *either sex* to play, * * *"; Section 901-L2 stipulates that: "whoever shall harbor or keep about *his* or *her* premises any strumpet or whore, * * *"; and Section 901-p10 provides: "It shall be unlawful for two or more common prostitutes to walk together * * * and hold familiar conversations with any common prostitute, or prostitutes, knowing *her* or them to be such." (Emphasis added.)

It is well established that the meaning of each word and the overall intent of an ordinance must be strictly construed. Specific words must be interpreted in keeping with their common and legal meaning and understanding. *Cleveland* v. *Baker,* 83 Ohio Law Abs. 502, paragraph two of the headnotes.

In the case of *Board of Education* v. *Boal,* 104 Ohio St. 482, the Supreme Court of Ohio held in the first para-

graph of the syllabus: "Where a statute defining an offense designates one class of persons as subject to its penalties, all other persons are deemed to be exempted therefrom."

A statute or an ordinance defining an offense cannot be extended by construction to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute. *State* v. *Meyers,* 56 Ohio St. 340.

Where a municipal ordinance provides a penalty, such ordinance must be strictly construed against the municipality, and any doubt as to the interpretation of that ordinance must be resolved in favor of the person against whom it is invoked. *Cleveland* v. *Jorski,* 142 Ohio St. 529; *Mariemont Taxi, Inc.,* v. *Cincinnati,* 162 Ohio St. 163.

The weight of authority appears to be that, when Section 901-i2, Code of Ordinances, city of Cincinnati, provided that "whoever shall violate the public peace of the city by making any indecent and immoral exhibition or exposure of *his* person * * *," it confines prosecution of an alleged violator thereof to a male person, and a female person cannot be held to be amenable to prosecution thereunder.

For the reasons given the plea in abatement in the exposing person charge should have been sustained. The judgment of the trial court in overruling the plea in abatement is reversed and the defendant is discharged in case No. 38557 on the docket of the Municipal Court.

We now come to the consideration of the conviction of the defendant on the charge of "indecent behavior" pursuant to her arrest under Section 901-i1, Code of Ordinances, city of Cincinnati, which reads as follows: "Whoever shall commit or perpetrate any indecent, immodest, lewd, or filthy act in the presence or view of any other person, or in such a situation that a person passing or repassing might ordinarily see the same, or shall utter or speak any bawdy, lewd, or filthy words or discourse, within the hearing of any other person, shall be fined * * *."

It will be noted that "indecent," "immodest," "lewd," and "filthy" acts are in the disjunctive. The affidavit signed by the arresting officer reads in part that Patricia Wayne "did unlawfully commit an indecent act in the view

of another person, * * * contrary to and in violation of Section 901-i1 of the Code of Ordinances of the city of Cincinnati."

The only evidence before the trial court concerning an indecent act committed by the defendant was that she walked in a normal way on a public street in the city with her body exposed from the waist up except for a hat, gloves and a covering (pasties) over the nipples of her breasts.

These facts present the question of whether a female person dressed as the defendant at the time and place of her arrest, and while walking in a normal manner on a public street in the city of Cincinnati in the view and presence of other persons, is guilty of indecent behavior as defined in Section 901-il, ordinances.

The word "indecent" is not defined in the ordinance of the city. Webster's International Dictionary, second edition, defines indecent or indecency as a "want of modesty or good manners, unseemliness, or an offense against delicacy or morally unfit to be seen or heard." Although ordinance 901-i1 is entitled "Indecent Behavior," the word "behavior" does not appear in the ordinance. Behavior is important in the instant case. It is defined in Webster's Dictionary as a "manner of acting, conduct, deportment, mode or course of action."

Counsel for the parties have not cited any authority to support a conviction on the identical facts presented in the instant case.

The reported cases involving the possession and distribution of obscene and indecent literature, films, stage productions, and indecent exposure of male persons are too numerous to cite. In determining the innocence or guilt of persons charged under those classes of cases, the courts generally have considered indecency and obscene acts as inter-related. Indecency and obscenity are not technical terms and are not susceptible of exact definitions in their judicial application, although they are referred to in a general sense as meaning offensive to morality or chastity, indecent or nasty. 33 American Jurisprudence 17, Section 4 (lewdness, indecency and obscenity).

In the instant case, the defendant is charged and

convicted of indecent behavior while on a public street of the city and in the presence and view of other persons. We have determined that the defendant was not amenable to the ordinance prohibiting indecent exposure. It remains for us to determine what is meant by behavior. Behavior is defined as "mode of conducting oneself," or "the mode of acting in the presence of others."

The only evidence in the instant case in relation to behavior is the manner in which the defendant was clothed and that she walked normally on the street. There is no evidence that defendant made any motions or movements which could be construed to create any prurient interest, unless the exposure of her body as described herein is, of itself, sufficient to establish indecent conduct.

In this case the defendant is not charged with the commission of an immodest, lewd or filthy act. Whether the defendant was immodest, lewd or filthy at the time of her arrest was not before the trial court. The charge was *indecent* behavior or act. Jurists are not privileged to declare acts to be immoral, immodest or lewd merely because such acts are not in keeping with such jurists' individual concepts. The same is true of alleged indecency. It is only when the mode of dress is contrary to community standards or violates an ordinance or statute that a court may make a determination. Courts are not privileged to take judicial knowledge that the dress of any person is indecent absent evidence.

In the instant case there is not a scintilla of evidence tending to show that the manner in which defendant was dressed at the time of her arrest was contrary to the community standard in Cincinnati or that ordinance 901-i1 was violated. Were this not true, then a judge could determine whether a mini-skirt or a low cut evening gown was decent or indecent.

For the reasons given the conviction of the defendant is reversed and she is discharged in case No. 39999 on the docket of the Municipal Court.

*Judgment reversed.*

SHANNON, P. J., concurs.

HILDEBRANT, J., not participating.