BARKETT, Judge,
concurring in part and dissenting in part.
I agree with the majority in certifying the question. However, I respectfully dissent with the majority view on the merits and would grant the petition for rehearing. I believe the pertinent administrative code provision to be unconstitutionally vague. Because a conviction under an unconstitutional law constitutes fundamental error, a fortiori, it is a departure from the essential requirements of law and certiorari is the appropriate remedy. Combs v. State, 436 So.2d 93 (Fla.1983).
The defendant in this case was convicted pursuant to Rule 16D-2.04(l)(e), Florida Administrative Code, which provides in part:
In every bathing area all persons shall be clothed so as to prevent any indecent exposure of the person. All bathing costumes shall conform to commonly accepted standards at all times.
I respectfully suggest that to automatically equate the terms “indecent exposure” and “bathing costumes ... that conform to commonly accepted standards” to a topless bathing suit is a totally subjective exercise in the mind of the beholder. The lack of specificity of these terms and the subjectivity of interpretation is underscored by the testimony of the MacArthur State Park manager who testified that a swimsuit top was not necessary to comply with the regulation — seashells would suffice! “In my mind, if the seashell is large enough to cover the nipple portion of the breast, it would probably be okay....” Another park officer indicated he had seen skimpy bathing suits which revealed “pubic hair” and “nipple erection” or “something that would be close to it.” He was unsure of the proper response to such a suit. Clearly, each park officer has his own notion of what conduct constitutes indecent exposure and what attire is acceptable. One’s chances of arrest under this rule are dependent upon the unbridled discretion of whichever officer happens to be on duty on a given day.
The same problems exist regarding the phrase “commonly accepted standards.” Commonly accepted where? By whom? Clearly, the evidence indicated that the defendant’s bathing costume had been commonly accepted on this beach for many, many years before this incident. The Air Force Beach area, when owned by John D. MacArthur had, by custom, been a “clothing-optional” beach. The letter in evidence from J. Roderick MacArthur states:
As you may remember, my father owned the entire 345 acre area, part of which was sold and part donated to become a State park. He always resisted the temptation to exploit it commercially, and not only tolerated it, but positively approved of the nude bathing and sunbathing (he had always been a skinny dipper himself). So the use of this beach by the clothing-optional people has been institutionalized for over a quarter of a century.
At the trial, one park officer stated that at the time of this defendant’s arrest, the beach, by commonly accepted practice, was divided into clothed and clothing-optional *238 areas. The defendant was m the clothing-optional area.
The issue in this case is not whether partial nudity is or is not to be tolerated. That issue is one ultimately to be decided by the public. The narrow issue for this court is whether the actions of this defendant constitute criminal conduct under the wording of this rule. It is axiomatic that a criminal statute or rule must be strictly interpreted and should give clear and fair warning as to the conduct it is meant to prohibit. Legislation that is clearly vague and open to interpretation or not easily interpreted by reasonable persons is viola-tive of constitutional standards:
[I]f arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.
Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972). We, as jurists, are not privileged to declare behavior to be immoral, immodest, lewd, or indecent merely because such behavior may not be in keeping with our individual concepts. City of Cincinnati v. Wayne, 23 Ohio App.2d 91, 261 N.E.2d 131 (1970). If the State wishes to proscribe partial or total nudity, it is incumbent upon the State when imposing criminal penalties therefor, to clearly say so. One need only read chapter 847, Florida Statutes (1983), to know that specificity in delineating proscribed conduct in this area of the law can easily be accomplished. I concur with Judge Beranek’s original dissent that:
[W]e have finally arrived at the time in statutory evolution where the legislature and the state park authorities are capable of enunciating exactly what they mean in clothing and decency regulations. If topless jogging by a female is to be a crime when carried out in an area where such conduct has been commonly accepted, then the rule-making authority should say so in clear language.