This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Robert J. Burns, appeals his conviction in the Cuyahoga Falls Municipal Court. We reverse.
At around 3:30 p.m. on September 1, 2000, Mr. Burns was traveling on East Highland Road in the City of Macedonia, County of Summit, Ohio just before the intersection of that roadway with Route 8. East Highland Road was a three-lane roadway in that vicinity; one lane for traffic in each direction and one center lane, which is generally utilized for making turns. The traffic was congested and Officer Michael Burda of the Macedonia Police Department was stopped in that traffic on East Highland Road before the Route 8 intersection. Mr. Burns was also traveling down East Highland Road toward the Route 8 intersection. He was in need of gasoline, and there was a BP Station ahead on the left side of East Highland Road as he proceeded toward the Route 8 intersection. As the traffic was congested, he proceeded to enter the center lane, drive approximately two-tenths of a mile, and make a left turn into the BP Station. Officer Burda noted Mr. Burns' conduct and followed him into the BP Station, issuing him a citation for violating Macedonia Codified Ordinances 331.08.
The cause was initially heard in the Macedonia Mayor's Court, where a trial was held on November 2, 2000. Mr. Burns was found guilty. The cause was appealed to the Cuyahoga Falls Municipal Court. The cause was tried before a magistrate on November 28, 2000. He was again found guilty on November 30, 2000. Mr. Burns filed objections to the magistrate's decision on December 8, 2000. The trial court overruled Mr. Burns' objections and found Mr. Burns guilty on December 13, 2000. This appeal followed.
Mr. Burns asserts two assignments of error. We will address them together to facilitate review.
 First Assignment of Error The trial court erred in determining that one may only use a center lane, designated for left hand turns, if such use is "in reasonable proximity to the locus of the intended turn[,"] in direct contradiction of the provisions of Macedonia Codified Ordinance § 331.08(b).
 Second Assignment of Error The trial court erred in determining that one may only use a center lane designed for left hand turns to pass a single vehicle, rather than a line of vehicles, in direct contradiction of the provisions of Macedonia Codified Ordinance § 331.08(b).
 Mr. Burns asserts that the trial court erred in its interpretation of Macedonia Codified Ordinances 331.08(b). He avers that the undisputed facts presented did not represent a violation of Macedonia Codified Ordinances 331.08(b), and accordingly, that his conviction was based on insufficient evidence. We agree.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy."State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
Macedonia Codified Ordinances 331.08 is substantially similar to R.C.4511.33 and states:
 Whenever any roadway has been divided into two or more clearly marked lanes for traffic or wherever traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 (a) A vehicle shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
 (b) Upon a roadway which is divided into three lanes and provides for two-way movement of traffic, a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle where the roadway is clearly visible and such center lane is clear of traffic within a safe distance, or when preparing for a left turn, or where such center lane is at the time allocated exclusively to traffic moving in the direction the vehicle is proceeding and is posted with signs to give notice of such allocation.
 (c) Official signs may be erected directing specified traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway, and drivers of vehicles shall obey the directions of such signs.
 (d) Official traffic control devices may be installed prohibiting the changing of lanes on sections of roadway and drivers of vehicles shall obey the directions of every such device.
 We are asked to construe the above statute to determine whether Mr. Burns' actions violated its terms. To this end, we will utilize the long held rules of statutory construction set forth by both the United States Supreme Court and the Ohio Supreme Court:
 The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment.
 United States v. Wiltberger (1820), 18 U.S. (5 Wheat.) 76, 95, 5 L.Ed 37, 42. The Ohio Supreme Court has also enunciated this precept of interpretation:
 Due Process of law protects an accused against conviction except upon "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." A penal statute or ordinance, pursuant to which one is charged, must be interpreted and applied strictly against the accuser, and liberally in favor of the accused.
 (Citations omitted.) Washington Court House v. McStowe (1976), 45 Ohio St.2d 228, 229.[1] Further, "[p]enal statutes and ordinances are strictly construed and may not be extended by implication to cases not falling within their terms." Cleveland v. Jorski (1944), 142 Ohio St. 529, paragraph one of the syllabus; accord Mentor v. Giordano (1967), 9 Ohio St.2d 140, paragraph two of the syllabus. These rules of construction apply to misdemeanors as well as felonies. State v. Saionz (1969), 23 Ohio App.2d 79, 82, citing State v. Conley (1947), 147 Ohio St. 351. "However, `[t]he canon in favor of strict construction of criminal statutes is not an obstinate rule which overrides common sense and evident statutory purpose.'" State v. Hurd (2000), 89 Ohio St.3d 616, 618, quoting State v. Sway (1984), 15 Ohio St.3d 112, 115.
Mr. Burns was convicted of violating subsection (b) of the above quoted Macedonia Codified Ordinance. By its provisions, it provides three possible manners in which the center lane of a three lane two-way roadway may be used: (1) when overtaking another vehicle if the roadway is clearly visible and is clear of traffic within a safe distance; (2) when one is preparing for a left turn; or (3) when the center lane is marked as being for movement in the vehicle's direction. Further, in any event, Macedonia Codified Ordinances 331.08(a) prohibits entering the center lane without first ascertaining whether such movement can be made with safety.
It is undisputed that Mr. Burns entered the center lane intending to turn left into the BP Station and that prior to making that turn he traveled "slightly less than two tenths mile[.]" The magistrate concluded that an additional limitation was placed on one intending to make a left turn from the center lane: "that the entrance into the center turn lane be made in reasonable proximity to the locus of the intended turn." The trial court adopted this rationale and based its finding of Mr. Burns' guilt upon it. This provision, however, is not in the statute. See State Farm Ins. Cos. v. Seaman (July 16, 1993), Lucas App. No. L-92-272, unreported, 1993 Ohio App. LEXIS 3602, at *5. As the Ohio Supreme Court stated, "[p]enal statutes and ordinances are strictly construed and may not be extended by implication to cases not falling within their terms." Jorski, 142 Ohio St. at paragraph one of the syllabus. Further, the statute provides that "a vehicle shall not bedriven in the center lane except * * * when preparing for a left turn[.]" (Emphasis added.) Macedonia Codified Ordinances 331.08(b). Driven means "to set and keep in motion or in action through application of some amount of force[.]" Webster's Third New International Dictionary (1993) 691-92. Hence, by its terms, the ordinance allows one to drive in the center lane "when preparing for a left turn[.]"[2] Id. Macedonia Codified Ordinances 331.08(b).
The court below also concluded that Mr. Burns had violated the statute in question because he had overtaken more than one vehicle. Macedonia Codified Ordinances 331.08(b) provides three permitted uses in the disjunctive. Hence, so long as one is pursuing one of the prescribed uses, one has not violated the provision.[3] We further note that there was no finding that Mr. Burns proceeded to enter the center lane without "first ascertain[ing] that [the] movement [could] be made with safety," thereby violating Macedonia Codified Ordinances 331.08(a) rather, the trial court based its decision on a finding that Mr. Burns had not entered the center lane within a reasonable distance of his intended turn and had passed more than one other vehicle.
We conclude that, construing the facts in a light most favorable to the prosecution, Mr. Burns' actions do not constitute a violation of Macedonia Codified Ordinances 331.08. Hence, his conviction was based on insufficient evidence and must be reversed. "[R]etrial is barred if the reversal was based upon a finding that the evidence was legally insufficient to support the conviction." Thompkins,78 Ohio St.3d at 387.
Mr. Burns' first assignment of error is sustained and his second assignment of error is rendered moot by our disposition of his first assignment of error. See App.R. 12(A)(1)(c). Mr. Burns' conviction in the Cuyahoga Falls Municipal Court is reversed and the cause is remanded solely for the trial court to vacate Mr. Burns' conviction, order that all costs[4] and any portion of the fines paid by Mr. Burns be refunded, and order the correction of Mr. Burns' driving record.[5]
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
WHITMORE, J. CONCURS
[1] Since 1974, this principle of statutory construction has been codified in Ohio at R.C. 2901.04(A).
[2] We need not reach and do not pass on the issue of whether, at some point, driving a long distance in the center lane while preparing for a left turn would present evidence that one's travel was not, in fact, in preparation for the turn, as the trial court found that Mr. Burns was preparing for a left turn.
[3] Although Macedonia Codified Ordinances 331.08(b) provides that one may use the center lane to "overtak[e]" or for "pass[ing] another vehicle" in the singular, Macedonia Codified Ordinances 101.03(b) provides "[a]s used in the Codified Ordinances, unless context otherwise requires * * * [t]he singular includes the plural[.]" However, due to our disposition of Mr. Burns' fist assignment of error, we need not pass on this issue.
[4] See Jordan v. Elex, Inc. (1992), 82 Ohio App.3d 222, 234 ("Because we have reversed the underlying judgment, there is nothing upon which an award of costs may be predicated.").
[5] The dissent asserts that this cause is moot based upon the Ohio Supreme Court's holdings in State v. Berndt (1987), 29 Ohio St.3d 3 andState v. Wilson (1975), 41 Ohio St.2d 236. The record indicates that Mr. Burns paid an amount equal to the fines and costs apparently assessed by the trial court, but the record also indicates that this is an "INSTALLMENT PAYMENT[.]" Further, he was charged an additional $1.40, rather than receiving his change from this "INSTALLMENT PAYMENT[.]" Hence, although we would normally dismiss the appeal of a misdemeanor conviction where the defendant has voluntarily paid the fine, it is unclear as to whether Mr. Burns has paid the entire fine or merely made an installment payment. As we find the record before this court to be unclear as to whether Mr. Burns has paid the fine imposed by the trial court and neither party has raised or briefed the issue of mootness on appeal, we are loath to sua sponte dismiss the cause presented herein.