This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Christine Wasilko, appellant, appeals from the judgment of the Lorain County Court of Common Pleas. We reverse.
 I.
{¶ 2} On June 19, 2001, Ms. Wasilko presented a prescription for medicine prescribed by her doctor to a pharmacist in the Medicine Shoppe pharmacy in Elyria, Ohio, Lorain County. During the course of filling the prescription, the pharmacist became concerned and contacted law enforcement officials with regard to the situation.
{¶ 3} Thereafter, Ms. Wasilko was indicted for one count of illegal processing of drug documents, in violation of R.C. 2925.23(A). Ms. Wasilko waived her right to a jury trial and, on February 14, 2002, a bench trial commenced. On February 26, 2002, Ms. Wasilko was found guilty of the charge. She was sentenced accordingly and this appeal followed.
 II.
{¶ 4} Ms. Wasilko raises four assignments of error. We will consider the first and second assignments of error together.
 A. First Assignment of Error
{¶ 5} "APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REFUSED TO ENTER JUDGEMENT [sic.] OF ACQUITTAL AS THERE WAS NO EVIDENCE TO SUPPORT THE ALLEGATIONS OF THIS INDICTMENT THAT THE APPELLANT KNOWINGLY MADE A FALSE STATEMENT IN A PRESCRIPTION IN VIOLATION OF OHIO REVISED CODE SECTION 2925.23(A)(1)[.]"
 Second Assignment of Error
{¶ 6} "THE COURT COMMITTED PREJUDICIAL ERROR AND THE APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWED THE PROSECUTOR TO CONSTRUCTIVELY AMEND THE INDICTMENT BY ALLOWING REPEATED REFERENCES TO THE CLAIM THAT THE APPELLANT MADE FALSE STATEMENTS TO OBTAIN PRESCRIPTIONS."
{¶ 7} In her first and second assignments of error, Ms. Wasilko essentially asserts that the trial court erred in finding her guilty of R.C. 2925.23(A). Specifically, Ms. Wasilko asserts that she was indicted and convicted pursuant to a statutory subsection that she did not violate. We agree.
{¶ 8} Ms. Wasilko was convicted of R.C. 2925.23(A) which provides that "[n]o person shall knowingly make a false statement in any prescription, order, report, or record required by Chapter 3719. or 4729. of the Revised Code." When interpreting a criminal statute, the language should be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A). Penal statutes and ordinances "may not be extended by implication to cases not falling within their terms."Cleveland v. Jorski (1944), 142 Ohio St. 529, paragraph one of the syllabus.
{¶ 9} Upon review of the evidence in this case, we find that the evidence presented at trial was insufficient to sustain a conviction under R.C. 2925.23(A). Specifically, we find that R.C. 2925.23(A) does not apply to Ms. Wasilko's actions in the present case. There is no evidence in the record that Ms. Wasilko made a false statement in any prescription, order, report, or record required by either Chapter 3719 or 4729 of the Revised Code. Rather, as recognized by the trial court, the evidence introduced at trial indicated that Ms. Wasilko, who had been prescribed Tylenol IV by her doctor, presented a prescription to the pharmacist that appeared to have been possibly altered with regard to the refill number.
{¶ 10} As pertinent to this case, Chapter 3719 of the Revised Code pertains to licensed health professionals and others involved in the regulation and usage of controlled substances and other drugs or poisons as defined in the Chapter's statutory sections. Further, Chapter 4729 of the Revised Code pertains to pharmacists, pharmacies, licensed health professionals, and the regulation of drugs as defined pursuant to the Chapter's statutory sections. The clear meaning of R.C. 2925.23(A) is that it pertains to items required by Revised Code Chapters 3719 and 4729, Chapters which regulate certain controlled substances and drugs as defined pursuant to those code sections and those authorized to deal with the regulated substances. The statute applies only to those individuals, such as licensed health professionals authorized to prescribe drugs or pharmacists, governed by these statutory sections. The State of Ohio failed to establish that Ms. Wasilko was one of the enumerated persons regulated in Ohio Revised Code Chapters 3719 and/or 4729. This proof is necessary as an essential element of a violation of Ohio Revised Code2925.23(A). Notwithstanding that Ms. Wasilko's conduct may or may not have violated a different Code section, the State must meet its burden on each and every element of the specific Criminal Code section this defendant is charged with.
{¶ 11} As it appears that Ms. Wasilko was not charged with a violation that she committed, her conviction must be reversed. Ms. Wasilko's first and second assignments of error are sustained and the judgment of the trial court is reversed.
 B. Third Assignment of Error
{¶ 12} "THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 Fourth Assignment of Error
{¶ 13} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR TIME SERVED."
{¶ 14} We need not address Ms. Wasilko's remaining assignments of error as they have been rendered moot by our disposition of her first and second assignments of error. See App.R. 12(A)(1)(c).
 III.
{¶ 15} Ms. Wasilko's first and second assignments of error are sustained. Her third and fourth assignments of error are rendered moot by this Court's disposition of Ms. Wasilko's first and second assignments of error. See App.R. 12(A)(1)(c). The judgment of the Lorain County Court of Common Pleas is reversed.
SLABY, P.J. and BAIRD, J., CONCUR.