[Cite as *State v. Meadows*, 2012-Ohio-6018.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120288 |
| | | TRIAL NO. 12TRD-4839 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| BRUCE E. MEADOWS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed from is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 21, 2012

*John Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Heidi Rosales*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Elizabeth Agar*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

Per Curiam.

{¶1} Defendant-appellant Bruce E. Meadows appeals his conviction for violating Cincinnati Municipal Code 506-51, which involves the duty of a driver to yield to a pedestrian lawfully crossing the roadway within a crosswalk. Because the trial court erroneously imposed a duty of care not contained in the charged code section, we reverse Meadows's conviction and remand this cause for a new trial.

### The Facts

{¶2} Meadows struck Bryae Charley with his car as she attempted to cross Colerain Avenue at a crosswalk. The accident occurred at 6:50 in the morning, when it was dark and raining.

{¶3} At Meadows's bench trial, Charley testified that she had waited to cross Colerain Avenue at the marked crosswalk until the pedestrian control signal displayed "walk," and that she had been struck after she had moved into the third traffic lane of the street. Meadows testified that he turned left onto Colerain Avenue from North Bend Road only upon obtaining the "green arrow" from the traffic light signal at the intersection. He also claimed that he had not seen Charley before he stuck her with his car.

{¶4} Cincinnati police officer Calvin Mathis investigated the accident. He testified that Meadows told him at the scene of the accident that he had turned left on the "green light."

{¶5} Mathis also testified to the sequencing of the traffic light signals and crosswalk signals at the intersection where the accident took place. He said that the green arrow is displayed first, contemporaneously with a "do not walk" signal. After the disappearance of the green arrow and a short delay to clear out the traffic, a solid

2

green light appears, along with the "walk" signal for the crosswalk where Meadows struck Charley. Finally, Mathis testified that a driver such as Meadows making a left turn at that intersection would not have been able to see a pedestrian at the location in the crosswalk where Meadows struck Charley.

{¶6} The court found Meadows guilty and orally explained the basis of its decision. Of importance, the court stated that "if Mr. Meadows had the right of way with Ms. Charley there in the intersection under the conditions of darkness and the inclement weather, there was still an extra duty of care to Ms. Charley to make sure that Mr. Meadows went through the area without any obstructions in the area, not withstanding whether he thought he had the right of way to turn."

## Assignment of Error

{¶7} In his sole assignment of error, Meadows argues that his conviction was contrary to law for three reasons. First, he argues that the trial court based his conviction on a duty of care not provided for in Cincinnati Municipal Code 506-51, the charged code section. Because this issue requires the interpretation of a municipal code section, which is a question of law, our review is de novo. *See, e.g.*, *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

{¶8} Meadows was charged with violating Cincinnati Municipal Code 506-51, which provides:

> Right of Way, Pedestrians. It shall be the duty of the operator of any vehicle to grant the right to proceed to a pedestrian lawfully crossing the roadway within any crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or the

3

pedestrian is approaching so closely from the opposite

half of the roadway as to be in danger.

{¶9}   "Right of way" is defined as the "right of a vehicle or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which the vehicle or pedestrian is moving, in preference to another vehicle or pedestrian approaching from a different direction into the vehicle's or pedestrian's path."   Cincinnati Municipal Code 501-1-R1.

{¶10}  Meadows argues that the trial court erroneously interpreted Cincinnati Municipal Code 506-51 by imposing a special duty on Meadows as the driver to yield to a pedestrian even if she was not lawfully crossing the street in accordance with the light sequencing.   The state argues that trial court's comments were "dicta."

{¶11} We agree with Meadows that the trial court's interpretation of Cincinnati Municipal Code 506-51 was prejudicially erroneous and not mere dicta. According to the trial court's interpretation of Cincinnati Municipal Code 506-51, Meadows was guilty of the traffic violation even if Charley was not "lawfully crossing the roadway within the crosswalk."   Thus, the trial court, by judicial construction, amended the municipal code by eliminating the requirement that the state must establish that the pedestrian was lawfully crossing the street at the crosswalk when the collision occurred.   The trial court simply ignored the language of the code section and extended the definition of the crime.   This was error.   *See Cleveland v. Jorski*, 142 Ohio St. 529, 531-532, 53 N.E.2d 513 (1944); *State v. Hartley*, 194 Ohio App.3d 486, 2011-Ohio-2530, 957 N.E.2d 44, ¶ 45 (1st Dist.); *Cincinnati v. Wayne*, 23 Ohio App.2d 91, 94, 261 N.E.2d 131 (1st Dist.1970)

{¶12} Because the trial court convicted Meadows of an offense not proscribed by Cincinnati Municipal Code 506-51, we must reverse Meadows's conviction.

{¶13} Next Meadows argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶14} We do not address Meadows's manifest-weight-of-the-evidence argument as we have already held that Meadows's conviction must be reversed because the trial court erroneously interpreted Cincinnati Municipal Code 506-51. Thus, we limit our review to whether the state presented sufficient evidence at trial to support a finding that Charley was lawfully crossing the street at the crosswalk. If so, we must remand the case for a new trial. If not, we must discharge Meadows from further prosecution for the offense. *See Hartley* at ¶ 46.

{¶15} Whether Charley was lawfully crossing the street at the crosswalk implicates Cincinnati Municipal Code 506-40(A). The state argues that the record contains sufficient evidence to support a finding that Charley was lawfully crossing the street at the crosswalk as contemplated by that section. We agree. To that end, Charley testified that she began to cross the street at the crosswalk only after receiving the "walk" signal. *See* Cincinnati Municipal Code 506-40(A)(g)(1).

{¶16} Because the record contains sufficient evidence of this element, we overrule Meadows's assignment of error to the extent that he argues that his conviction was not supported by sufficient evidence. But the trial court, on retrial, is not required to find that Charley was lawfully crossing the street.

## Conclusion

{¶17} Accordingly, we sustain Meadows's assignment of error in part. Because the trial court applied the law incorrectly in convicting Meadows of the

traffic violation, we reverse the trial court's judgment, and we remand this cause for a new trial in accordance with this opinion.

Judgment reversed and cause remanded.

**SUNDERMANN, P.J., CUNNINGHAM** and **FISCHER, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.