CITY OF WASHINGTON COURT HOUSE, APPELLEE, *v.* McStowe, APPELLANT.

[Cite as Washington Court House v. McStowe (1976), 45 Ohio St. 2d 228.]

(No. 75-614—Decided March 3, 1976.)

Mr. James A. Kiger, prosecuting attorney, Mr. John H. Roszmann and Mr. Gary Smith, for appellee.

Messrs. Hapner & Hapner and Mr. Jon C. Hapner, for appellant.

Per Curiam. Due process of law protects an accused against conviction except upon "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship (1970), 397 U. S. 358, 364. A penal statute or ordinance, pursuant to which one is charged, must be interpreted and applied strictly against the accuser, and liberally in favor of the accused. Mentor v. Giordano (1967), 9 Ohio St. 2d 140; State v. Conley (1947), 147 Ohio St. 351; State v. Meyers (1897), 56 Ohio St. 340.*

Ordinance No. 45-72 proscribes a person's being "found in" a "home, place, room or establishment" where narcotic drugs or hallucinogens are "sold or used." In explicit language, the ordinance requires proof of the sale or use of a narcotic drug or hallucinogen as an essential element of the crime. Proof of possession alone is not sufficient to support a conviction. Because the record herein discloses no evidence that narcotic drugs or hallucinogens were sold or used on the subject premises, appellant's conviction for violating ordinance No. 45-72 must be reversed.

Appellant asserts that ordinance No. 45-72 is unconstitutional, in that it "lacks ascertainable standards of guilt, does not require intent or guilty knowledge, and is so vague, imprecise, and indefinite that men of common intelligence

---

*This requirement is now embodied in R. C. 2901.04, which provides:

"Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

must necessarily guess at the meaning and differ as to its application." We need not reach that issue to decide the present appeal. "It is well established that courts will refrain from declaring legislation unconstitutional unless the posture of the cause leaves no logical alternative thereto." *Bedford Hts.* v. *Tallarico* (1971), 25 Ohio St. 2d 211, 212; *Greenhills Home Owners Corp.* v. *Greenhills* (1966), 5 Ohio St. 2d 207; *Strongsville* v. *McPhee* (1944), 142 Ohio St. 534; *Rucker* v. *State* (1928), 119 Ohio St. 189.

The judgment of the Court of Appeals, affirming the judgment of the Municipal Court, is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.