This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Hubert C. Medford, appeals his conviction in the Akron Municipal Court. We reverse.
 I.
On June 8, 2000, Officer Kevin Kabellar of the City of Akron Police Department, Patrol Division, and his partner were dispatched pursuant to a traffic complaint received by the police department. The dispatch was to the vicinity of 471 Gridley Street, Akron, Ohio. The officers arrived at the location referenced in the complaint within approximately five minutes. Upon their arrival, the officers found Mr. Medford's tractor-trailer in the street in front of his home. Mr. Medford had just finished unloading some items from his tractor-trailer. The truck was at rest; one front wheel of the tractor was raised up on the curb while the end of the trailer was eight to ten feet from the curb. Apparently, a van was parked on the street at the time Mr. Medford pulled his tractor-trailer up in front of his home; hence, while the front of the tractor was on the curb, the rear of the trailer was slightly further than the width of the van from the curb.
After speaking with Mr. Medford's wife and, apparently, asking Mr. Medford to move the vehicle, Officer Kabellar cited Mr. Medford for violating Akron City Code 73.21(A). Upon agreement by the parties, the cause was referred to a magistrate for trial. The trial was held on July 3, 2000. The magistrate found Mr. Medford guilty in a finding journalized on July 24, 2000. Mr. Medford filed objections to the magistrate's decision on July 31, 2000. On the same day, Mr. Medford moved for findings of fact and conclusions of law by the trial court and to supplement his objections with a transcript of the hearing before the magistrate. The magistrate issued a report to the trial court judge on August 3, 2000, recommending that Mr. Medford be found guilty. The trial court, after reviewing the transcript, the magistrate's report, and Mr. Medford's objections, found Mr. Milford guilty. Accordingly, the trial court imposed a fine. This appeal followed. Mr. Milford moved to stay the execution of the sentence imposed by the trial court pending appeal on November 20, 2000, as the fine was due on December 6, 2000.
 II.
Mr. Medford asserts six assignments of error. As we find his first, second, and fourth assignments of error to be dispositive, we will address them first, consolidating them to facilitate review. His remaining assignments of error, being rendered moot by our disposition of his first, second, and fourth assignments of error, will be addressed together to facilitate review.
 A. First Assignment of Error The trial court erred in failing to grant the defendant's Motion for Dismissal under Criminal Rule 29.
 Second Assignment of Error The trial court erred by ruling that the defendant operated a motor vehicle in violation of Akron Ordinance 73.21(A).
 Fourth Assignment of Error The trial court erred by ruling that the evidence proved beyond a reasonable doubt that the defendant operated the motor vehicle in question where the testimony proved conclusively that he did not operate the motor vehicle in the presence of the citing officer.
Mr. Medford avers that the trial court erred in finding him guilty of an offense pursuant to Akron City Code 73.21(A) because that ordinance does not prohibit parking vehicles, but rather, refers to stopping vehicles. Hence, he asserts, inter alia, that his conviction was based upon insufficient evidence. We agree.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy."State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
Akron City Code 73.21(A) provides that "[n]o person shall stop or operate a vehicle at a slow speed which will impede or block the normal and reasonable movement of traffic, except when stopping or reduced speed is necessary for safe operation or to comply with law." "`STOPPING' or `STANDING' [w]hen prohibited, mean any halting of a vehicle, even momentarily, whether occupied or not, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic-control device." Akron City Code 70.01. However, "`PARKING.'" means
 [t]he standing of a vehicle, whether occupied or not, upon a street, otherwise than temporarily, for the purpose of and while actually engaged in loading or unloading, or in obedience to traffic regulations or traffic signs or signals. The words "PARK" and "PARKED" mean the standing of a vehicle upon a street, highway, alley, or other public way, whether accompanied or unaccompanied by an operator or driver.
Id.
We are asked to construe the above ordinance to determine whether Mr. Medford's actions violated its terms. To this end, we will utilize the long held rules of statutory construction set forth by both the United States Supreme Court and the Ohio Supreme Court:
 The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment.
United States v. Wiltberger (1820), 18 U.S. (5 Wheat.) 76, 95,5 L.Ed 37, 42. The Ohio Supreme Court has also enunciated this precept of interpretation:
 Due process of law protects an accused against conviction except upon "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." A penal statute or ordinance, pursuant to which one is charged, must be interpreted and applied strictly against the accuser, and liberally in favor of the accused.
(Citations omitted.) Washington Court House v. McStowe (1976),45 Ohio St.2d 228, 229.[1] Further, "[p]enal statutes and ordinances are strictly construed and may not be extended by implication to cases not falling within their terms." Cleveland v. Jorski (1944),142 Ohio St. 529, paragraph one of the syllabus. These rules of construction apply to misdemeanors as well as felonies. State v. Saionz
(1969), 23 Ohio App.2d 79, 82, citing State v. Conley (1947),147 Ohio St. 351. "However, `[t]he canon in favor of strict construction of criminal statutes is not an obstinate rule which overrides common sense and evident statutory purpose.'" State v. Hurd (2000),89 Ohio St.3d 616, 618, quoting State v. Sway (1984), 15 Ohio St.3d 112,115.
Mr. Medford asserts that he was parked, not stopped, and accordingly, could be cited only for a parking violation, if at all. The Akron City Code differentiates between parking violations and other traffic offenses, setting out different prohibitions under each and providing different penalties for each in separate Chapters of Title 7 of the Akron City Code. Specifically, Akron City Code 76.02(A) provides that "[t]he commission of a parking infraction, as defined in subsection (A) of § 76.01 of this code, shall not be considered a criminal offense for any purpose." Whereas, Akron City Code 70.99 provides criminal penalties for other violations of the Akron traffic code. Hence, we first must determine whether Mr. Medford "stop[ped]" his vehicle, violating Akron City Code 73.21, or was "parking" his vehicle. "Parking" is not defined in Chapter 76 of the Akron City Code, see Akron City Code 76.01, but it is defined at the beginning of Title 7 of the Akron City Code, Akron City Code 70.01, as quoted above.
When Mr. Medford pulled his tractor-trailer up in front of his home, he did so for the purpose of unloading the vehicle and actually engaged in unloading the vehicle. Hence, at that point, he was "parking" pursuant to Akron City Code 70.01. "Parking" appears to be a subset of the activities encompassed by "stopping" or "standing" in the Akron City Code. In construing statutes, we are guided by the principle thatgeneralibus specialia derogant. Bank of Montreal v. Signet Bank (C.A.4, 1999), 193 F.3d 818, 833; Blue Mountain Serv. Corp. v. Zlateff (1989),53 Wn. App. 690, 694, fn. 1 (Where the special statute is enacted after the general statute, the applicable maxim of statutory interpretation is "generalibus specialia derogant (special things take from generals)");Brown Paper Mill Co., Inc. v. Commr. of Internal Revenue (C.A.5, 1958),255 F.2d 77, 79 (stating that the specific procedure controls "despite the existence of a different general procedure"). As Akron City Code 76.02 provides that a parking infraction may not be punished criminally, Mr. Medford could not be cited pursuant to Akron City Code 73.21 because this offense is at least a minor misdemeanor. Akron City Code 70.99. Further, even if Mr. Medford's actions could be either a parking violation or a traffic violation, we must strictly construe the statute against the City and must find the parking regulations to control our analysis, as the parking regulations were enacted after Akron City Code 73.21. Akron City Code 10.06 ("If the provisions of different codes, chapters, or sections of the codified ordinances conflict with or contravene each other, the provisions bearing the latest passage date shall prevail."). Hence, we conclude that when Mr. Medford parked his vehicle in front of his home he was "parking" under the Akron City Code.
As Mr. Medford was "parking" when he pulled up and stopped his vehicle in front of his home, he was not chargeable with a violation of Akron City Code 73.21, as the more specific act of "parking" is defined and punished separately. Hence, as Akron City Code 73.21(A) requires one to "stop," which is defined as "halting" in Akron City Code 70.01, we must review the record to determine if the City produced any evidence that Mr. Medford halted apart from "parking[.]" We can find no evidence in the record before us that Mr. Medford halted his vehicle apart from parking it. Accordingly, as no evidence was adduced showing that Mr. Medford halted his vehicle, apart from his conduct which is defined as "parking," we find Mr. Medford's conviction to have been based upon insufficient evidence and sustain his first, second, and fourth assignments of error to the extent they aver such error.[2] Therefore, we find the trial court to have erred in adopting the magistrate's decision over Mr. Medford's objections. In remaining part, we find these assignments of error to be rendered moot by our disposition of Mr. Medford's argument on sufficiency. App.R. 12(A)(1)(c).
 B. Third Assignment of Error Akron Ordinance 73.21(A) is unconstitutional as applied to the defendant in that it creates a moving violation for an illegally parked and unoccupied vehicle effectively if the officers can find the owner and ask the owner to move the vehicle.
 Fifth Assignment of Error Akron Ordinance 73.21(A) is unconstitutionally vague as applied to this defendant.
 Sixth Assignment of Error The City of Akron erred in passing and enforcing a statute that made the illegal parking of the defendant's truck a criminal offense in violation of section 4521.02 of the Ohio Revised Code.
Mr. Medford asserts that Akron City Code 73.21(A) is unconstitutional on various grounds. However, we will not reach constitutional questions unless absolutely necessary. Norandex, Inc. v. Limbach (1994),69 Ohio St.3d 26, 28. Here, we find Mr. Medford's conviction must be reversed as it is based upon insufficient evidence. Therefore, we find these arguments to be moot and decline to address them. App.R. 12(A)(1)(c).
 III.
Mr. Medford's first, second, and fourth assignments of error are sustained to the extent that he avers that his conviction was based upon insufficient evidence. In remaining part, his first, second, and fourth assignments of error are rendered moot by our determination that his conviction was based upon insufficient evidence. Mr. Medford's remaining assignments of error are rendered similarly moot. Accordingly, Mr. Medford's conviction is reversed and the cause is remanded to the trial court solely to vacate Mr. Medford's conviction and clear his driving record.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
SLABY, J., WHITMORE, J. CONCUR.
[1] Since 1974, this principle of statutory construction has been codified in Ohio at R.C. 2901.04(A).
[2] The City avers that Mr. Medford failed to preserve his objection to sufficiency because he failed to renew his motion for acquittal pursuant to Crim.R. 29 at close of all the evidence before the magistrate. However, Civ.R. 53(E)(4)(b) provides that "[t]he court shall rule on any objections" to the magistrate's decision. As Mr. Medford raised this argument in his objections to the magistrate's decision, which the trial court is required to pass upon, we conclude that this argument was not waived. See Rogers v. Rogers (Dec. 17, 1997), Summit App. No. 18280, unreported, at 9.