OPINION
{¶ 1} Defendant Donald Antonellis appeals a judgment of the Municipal Court of Licking County, Ohio, convicting and sentencing him for operating a motor vehicle with a prohibited concentration of alcohol on his breath. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS BASED UPON THE DESTRUCTION OF THE VIDEOTAPE EVIDENCE.
 {¶ 3} "II. THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE AT THE SUPPRESSION HEARING AND AT TRIAL, EVIDENCE OF STANDARDIZED FIELD SOBRIETY TESTS THAT WERE NOT ADMINISTERED TO DEFENDANT IN STRICT COMPLIANCE WITH THE NHTSA REQUIREMENTS."
 {¶ 4} At the hearing on appellant's motion to suppress evidence gathered at the traffic stop, Trooper Chad Maines of the State Highway Patrol testified he stopped appellant's motor vehicle at 2:27 a.m. on August 14, 2004 after he clocked him going 68 m.p.h. in a 55 m.p.h. zone. The officer testified his patrol car was equipped with a functioning video camera and he was wearing a microphone, but the microphone did not work properly.
 {¶ 5} The trooper testified when he approached appellant, he observed a strong odor of alcoholic beverage, appellant's eyes were red and glassy, and he was soaked in sweat. Appellant admitted having three drinks. The officer then asked him to step out of the vehicle to perform field sobriety tests.
 {¶ 6} Trooper Maines testified how he administered the horizontal gaze nystigmus test, but on cross the trooper admitted he varied slightly from the NHTSA manual. The trooper testified appellant did not perform well on the heel-to-toe and walk-and-turn tests. Trooper Maines testified he also had appellant do the finger-to-nose test, which is not a standardized field sobriety test. The video tape of this test was inadvertently taped over later. The officer had no recollection of the finger-to-nose test and had made no notes on it. The trooper stated he was unable to testify regarding appellant's performance on the finger-to-nose test.
 {¶ 7} Appellant submitted to a portable breath test, which registered .088. Trooper Maines testified at that point he determined appellant was under the influence of alcohol, and arrested him. Thereafter, appellant was transported to the Grandville Post of the Highway Patrol for a breath test using a BAC DataMaster. The breath test yielded a result of .085.
 I. {¶ 8} Appellant moved the court to preserve all evidence in the case, including any and all video tapes. Appellee conceded the tape was partially taped over, apparently due to a malfunction of the video camera. Appellant moved to dismiss the charges against him based upon the destruction of the video tape evidence. In its judgment entry of November 30, 2004, the trial court overruled the motion to dismiss, citing our case of State v. Canter, Fairfield App. No. 01CA51, 2002-Ohio-3473. The court found appellant had not asserted the tape contained exculpatory evidence and had not shown any agent of the State was guilty of bad faith.
 {¶ 9} Appellant cites us to several cases, including the Ottawa County Court of Appeals' decision in State v. Benton (2000),136 Ohio App. 3d 801, 737 N.E. 2d 1046; Columbus v. Forest (1987),36 Ohio App. 3d 169, out of the Franklin County Court of Appeals, andState v. Benson, 152 Ohio App. 3d 495, 2003-Ohio-1944, 788 N.E. 2d 693
from the Hamilton County Court of Appeals. These courts have held where the defendant moves to have evidence preserved but the evidence is destroyed, the burden shifts to the State to show it was not materially exculpatory.
 {¶ 10} In Canter, supra, this court discussed and rejected the burden-shifting rule. We found we had consistently held the burden of proof is on the defendant to show the evidence was exculpatory, paragraph 12, citations deleted.
 {¶ 11} Instead, we cited Arizona v. Youngblood (1988), 488 U.S. 51,109 S.C. 333, 102 L.Ed 2d 281, wherein the U.S. Supreme Court discussed what the due process clause requires when the State fails to preserve evidentiary material. The Supreme Court held unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law, Canter, paragraphs 7 and 8, citing Youngblood at 57-58.
 {¶ 12} Additionally, we note the lost portion of the video tape dealt with appellant's performance on the finger-to-nose test. The trooper admitted at the suppression hearing he could not testify about it.
 {¶ 13} At trial, Trooper Maines testified he asked appellant to perform the finger-to-nose test, but had no documentation or recollection of the results. On cross, the trooper testified the finger-to-nose test is not an NHTSA approved test, but is suggested. The trooper admitted he could not testify about appellant's performance, and would have to say appellant did nothing wrong in the test.
 {¶ 14} We find the trial court did not err in overruling the motion to dismiss. We reaffirm our decision in Canter, supra. We further find the State did not use this evidence in its prosecution of the case, and in fact it was favorable to appellant.
 {¶ 15} The first assignment of error is overruled.
 II {¶ 16} In his second assignment of error, appellant urges the court erred in admitting evidence of the standardized field sobriety tests, which were not administered in strict compliance with NHTSA requirements. The test appellant challenges is the horizontal gaze nastigmus test.
 {¶ 17} In State v. Homan (2000), 89 Ohio St. 3d 421, the Ohio Supreme Court held if field sobriety tests are not administered in strict compliance with NHTSA standards, then evidence of the results of the tests is inadmissible. In response, the General Assembly amended Section4511.19 to generally require only substantial compliance with NHTSA requirements. Appellant asks us to find the statute as amended is unconstitutional, and to continue to follow the dictates of Homan.
 {¶ 18} In City of Washington Courthouse v. McStowe (1976),45 Ohio St. 2d 228, 343 N.E. 2d 109, the Ohio Supreme Court stated: "It is well established that courts will refrain from declaring legislation unconstitutional unless the posture of the cause leaves no logical alternative thereto." McStowe at 230, citations deleted. In McStowe, the Supreme Court declined to rule on the constitutionality of the statute because it reversed the conviction on other grounds.
 {¶ 19} We find here we need not determine the constitutionality of R.C. 4511.19(D). At the suppression hearing Trooper Maines did not state the field sobriety tests played a role in his decision to arrest appellant. The trooper testified his grounds for charging appellant with drunk driving were excessive speed, his red glassy eyes, the strong odor of an alcoholic beverage coming from his person, and appellant's admitted consumption of alcohol. These observations were sufficient to constitute probable cause even without the field sobriety tests.
 {¶ 20} At trial, the trooper testified appellant's performance of the field sobriety tests contributed his determination of probable cause. However, the jury's acquittal of appellant on the charge of violating R.C. 4511.19 (A)(1) renders this issue moot.
 {¶ 21} The second assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Licking County Municipal Court is affirmed.
Gwin, J., Boggins, P.J., Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs to appellant.