OPINION *Page 2 
{¶ 1} Defendant-appellant Philip M. Sabatina appeals his conviction and sentence entered by the Guernsey County Municipal Court on one count of operating a motor vehicle under the influence of alcohol, after the trial court found Appellant guilty following his entering a no contest plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On June 30, 2007, Appellant was arrested for operating a motor vehicle under the influence of alcohol after Trooper Waddell of the Ohio State Highway Patrol stopped Appellant for failure to signal. Appellant appeared for arraignment on July 5, 2007, and entered a plea of not guilty to the charges. After filing a demand for discovery, Detective LaRoche of the Guernsey County Post of the highway patrol advised Appellant's trial counsel the videotaped evidence of his traffic stop, although digitally transmitted, had inadvertently been erased and could not be located or recovered. In light of this information, Appellant filed a motion to dismiss, arguing the videotape was a vital piece of evidence and without it dismissal of the OVI charge was warranted. The State filed a memoranda contra, asserting the unavailability of the videotape was not the fault of or done at the request of the State or any representative of the Ohio State Highway Patrol, Cambridge Post; therefore, a dismissal was not necessary.
 {¶ 3} The trial court conducted a hearing on the motion to dismiss on October 12, 2007. On the record, the parties entered into the following stipulations of fact: *Page 3 
 {¶ 4} 1. "The defendant * * * was stopped and arrested in Guernsey County, Ohio, for OVI and failure to use a turn signal on June 30, 2007, at approximately 12:03 a.m. by Trooper Waddell [of the Ohio State Highway Patrol]."
 {¶ 5} 2. "Trooper Waddell obtained a videotape of defendant's stop, conversations with the defendant as well as his performance on various field sobriety tests, * * * [and] the videotape would tend to prove ordisprove the facts contained in the officer's report and in the impaired driver's report" (emphasis added).
 {¶ 6} 3. "The defendant filed his request for discovery on August 8, 2007, and pursuant to paragraph four of the discovery request, there was a specific reference to requiring the State to preserve the videotaped evidence."
 {¶ 7} 4. "The basis or factual explanation as to why the videotape was lost is more accurately described in Exhibit C which is a letter from Lieutenant LaRoche * * * the computer malfunction which resulted in the lost data cannot be remedied, meaning the data has been irrevocably lost and there can be no way the State can provide the videotape requested."
 {¶ 8} Following the hearing, the trial court requested the parties submit additional briefs on the issue. Via Docket and Journal Entry filed January 11, 2008, the trial court denied Appellant's Motion to Dismiss on the authority of State v. Canter, Fairfield App. No. 01-CA-51, 2002-Ohio-3473; and State v. Antonellis, Licking App. No. 2005-CA-31, 2005-Ohio-5381.
 {¶ 9} Appellant appeared before the trial court on March 3, 2008, and withdrew his former plea of not guilty and entered a plea of no contest to one count of OVI, in violation of R.C. 4511.19(A)(1)(a). The State dismissed the failure to signal charge. *Page 4 
The trial court accepted Appellant's no contest plea and found Appellant guilty. The trial court sentenced Appellant to twenty days in jail with seventeen days suspended. The trial court ordered Appellant to attend a driver's intervention program, imposed a fine of $550.00, and suspended Appellant's driver's license for a period of twelve months.
 {¶ 10} It is from this conviction and sentence Appellant appeals, raising as his sole assignment of error:
 {¶ 11} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS WHEN THE STATE DESTROYED ALL VIDEO EVIDENCE REGARDING APPELLANT'S DRIVING, FIELD SOBRIETY TESTING AND ARREST."
 {¶ 12} Herein, Appellant maintains the trial court erred in denying his motion to dismiss as the State destroyed the videotape of the events before and during the stop, including Appellant's performance on the field sobriety test, and Trooper Waddell's subsequent arrest.
 {¶ 13} In Arizona v. Youngblood (1988), 488 U.S. 51, 109 S.Ct. 333,102 L.Ed.2d 281, the United States Supreme Court addressed the issue of whether a criminal defendant is denied due process of law by the State's failure to preserve evidence. The United States Supreme Court stated:
 {¶ 14} "The Due Process Clause of the Fourteenth Amendment, as interpreted in [Maryland v. Brady (1963), 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215], makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence. But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of *Page 5 
which might have exonerated the defendant. * * * We think that requiring a defendant to show bad faith on the part of the police both limits the extent of the police's obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly require it, i.e., those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant. We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Id. at 57-58.
 {¶ 15} Thus, the distinction is drawn between materially exculpatory evidence and potentially exculpatory evidence. If the evidence is only potentially useful, the defendant must show bad faith on the part of the State in order to demonstrate a due process violation. The burden of proof is on the defendant to show the exculpatory nature of the destroyed evidence. See, State v. Birkhold, Licking App. No. 01CA104, 2002-Ohio-2464; State v. Hill (March 8, 1999), Stark App. No. 1998CA00083, unreported; State v. Blackshear (June 19, 1989), Stark App. No. CA-7638, unreported. Absent the showing of bad faith, the State's failure to preserve the evidence at issue is not a denial of due process of law. State v. Groce (1991), 72 Ohio App.3d 399, 402,594 N.E.2d 997.
 {¶ 16} The term "bad faith" generally implies something more than bad judgment or negligence. "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." Hoskins v. AetnaLife Ins. Co. (1983), 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (Citation omitted). *Page 6 
 {¶ 17} The parties herein stipulated the videotape "would tend to prove or disprove the facts contained in the officer's report and in the impaired driver's report", however, this stipulation does not confirm the character of the destroyed tape — materially exculpatory or potentially useful evidence. As such, Appellant has the burden of demonstrating bad faith on the part of the State.
 {¶ 18} The record reveals the Cambridge Post of the State Highway Patrol was experiencing trouble downloading data from the digital video recording system. The Post worked with the manufacturer of the system to rectify the problem. Although the Post followed the manufacturer's instructions and recommendations, numerous video recordings, including Appellant's, were lost and not retrievable.
 {¶ 19} Upon review of the record, we find no demonstration of bad faith destruction of evidence "in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." Youngblood, supra. We, therefore, hold the trial court did not err in denying Appellant's motion to dismiss.
 {¶ 20} Appellant's sole assignment of error is overruled. *Page 7 
 {¶ 21} The judgment of the Guernsey County Municipal Court is affirmed.
Hoffman, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Municipal Court is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's conviction is not necessary to our disposition of this appeal; therefore, such shall not be included herein. *Page 1