Matthias, J.
 

 Th^ primary question presented is whether the employment of females as taxi drivers between the hours of 6:00 o’clock a. m. and 10:00 o’clock p. in. is prohibited by Section 1008-1, General Code.. That section reads as follows:
 

 “The employment of females in the following occupations or capacities is hereby prohibited, to wit: as crossing watchman, section hand, express driver, moulder, bell hop, taxi driver, jitney driver, gas or electric meter reader, ticket seller except between the hours of six o’clock a. m. and ten o’clock p. m., as workers in blast furnaces, smelters, mines, quarries except in the offices thereof, shoe shining parlors, bowling. alleys, pool rooms, bar rooms and saloons or public drinking places which cater to male customers exclusively and in which substitutes for intoxicating liquors are sold .or advertised for sale, in delivery service on wagons or automobiles, in operating freight or baggage elevators, in baggage handling, freight handling and trucking of any kind, or in employments requiring frequent or repeated lifting of weights over twenty-five pounds. * * *”
 

 We find no difficulty in agreeing that the statute is not a model of clarity or precision. In its construction
 
 *353
 
 and application we are met at the threshold with the well settled rule that the statute being penal in character should be strictly construed against the state, exemptions from restrictive provisions thereof should be liberally construed and all doubts in the interpretation of such statute should be resolved in favor of the accused. 37 Ohio Jurisprudence, 744, Section 420;
 
 City of Cleveland
 
 v.
 
 Jorski,
 
 142 Ohio St., 529, 53 N. E. (2d), 513, and cases there cited.
 

 The provisions of such statute may not be extended beyond but must be rather restricted to the evident purpose of its enactment. 37 Ohio Jurisprudence, 662, Section 363
 
 et seq.,
 
 and cases therein cited. It is' fundamental in the construction and application of statutes that not only the purpose to be served, but the object to be attained as well as the evil to be remedied, should be considered.
 

 We concur in the view that the various occupations affected by the statute are therein classified as follows:
 

 1. Those in which females are permitted to work within a restricted period therein specified, in which class taxi drivers are included.
 

 2. Those in which females are permitted to work only in offices of designated industries.
 

 3. Those occupations in which the employment of females is entirely prohibited.
 

 Such division and classification is supported by logic and good reason, and the construction of the statute based thereon serves the evident purpose of its enactment and does not bring into question its constitutional validity.
 

 Under a liberal construction of the statute, to which the defendant is entitled, the demurrer to the affidavit was properly sustained. It follows that the judgment of the Court of Appeals, reversing the judgment of the Municipal Court whereby the defendant was 'discharged, is erroneous.
 

 
 *354
 
 The judgment of the Court of Appeals is accordingly reversed and the judgment of the Municipal Court is affirmed.
 

 Judgment reversed.
 

 Turner, Zimmerman, Bell and' Sohngen, JJ., concur.
 

 Hart, J., not participating.