Zimmerman, J.
Both lower courts in effect held that the ordinances in question are valid and authorized enactments; that plaintiff has no license from the city of Cincinnati to operate its taxicabs in such city; that plaintiff maintains its “place of business” in the city of Cincinnati; and that plaintiff by its activities is chargeable with a violation of such ordinances. The two lower courts found and the evidence establishes the following facts:
Opposite plaintiff’s telephone number in the Cincinnati telephone directory is an address within the Cincinnati city limits. Plaintiff’s telephone is located in a restaurant owned and operated by the president of the plaintiff and situated on Bramble Avenue within the corporate limits of the city of Cincinnati, a short distance away from the corporate limits of the village of Mariemont, Hamilton County, Ohio, in which village plaintiff is licensed. Plaintiff has its taxicab stand, and its taxicabs are stationed, at Wooster Pike and Madisonville Road adjacent to the Mariemont Inn in the village of Mariemont. Plaintiff has a private telephone from the restaurant on Bramble Avenue to a telephone box on an outside pole at the taxicab stand. Plaintiff, upon receiving in the restaurant a telephone call for taxicab service, relays the message over the private telephone to one of its taxicab drivers in Mariemont, and the driver is directed as to where to go to pick up the passenger or passengers.
Plaintiff, in its business, transports for hire passengers between various -places in Haniilton County, outside the corporate limits of Cincinnati. It also transports for hire passengers from outside the corporate limits of Cincinnati to places within the cor *166 porate limits of such city. It does not transport passengers between places within the city of Cincinnati or from places within Cincinnati to places outside the corporate limits of such city. Plaintiff has no license from the city of Cincinnati to operate its taxicabs in such city.
Under the undisputed facts narrated, does it appear that plaintiff is violating the quoted ordinances and particularly section 407.76? Since a penalty is provided for the violation of such ordinances, they are to be strictly construed against the city of Cincinnati and in favor of plaintiff, and any doubts as to the interpretation of the ordinances must be resolved in plaintiff’s favor. City of Cleveland v. Jorski, 142 Ohio St., 529, 53 N. E. (2d), 513; State v. Conley, 147 Ohio St., 351, 71 N. E. (2d), 275.
Approaching the problem with such rule in mind, we note that as concerns the instant case the key words in controlling section 407-76 are “the place of business of the owner.” Where is plaintiff’s place of business? Plaintiff is engaged solely in the pursuit of operating taxicabs for hire. Its taxicabs áre located in the village of Mariemont and move initially from and then back to such location. Instructions as to the movement of the taxicabs are received by the drivers in'Mariemont. Plaintiff transports passengers into Cincinnati from the outside but it does not accept passengers in such city for transportation within the city limits. The fact that plaintiff maintains a telephone in Cincinnati in connection with the operation of the taxicab business is no more than facilitative and incidental and does not remove the place of business of plaintiff from Mariemont.
Since, then, the place of business of plaintiff is outside the city of Cincinnati and since its activities in operating its taxicabs do not bring it within the prohibitions of section 407-76, we are of the opinion that *167 such ordinance is inapplicable and may not be invoked against plaintiff.
Because of the position taken it becomes unnecessary to consider or decide on constitutional grounds the validity or invalidity of the ordinances involved.
The judgment of the Court of Appeals is reversed and final judgment is rendered for the plaintiff on the basis that it is chargeable with no violation of the ordinances invoked against it.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Hart and Lamneck, JJ., concur.