STATE, PLAINTIFF, *v.* HERMAN, DEFENDANT.

Municipal Court, Highland County.

No. 258.   Decided November 14, 1958.

BEERY, J. This matter comes before the Court on Defendant's demurrer to the affidavit. The affidavit charges in substance that Defendant unlawfully operated a motor vehicle upon Highway U. S. 50 by pulling a farm trailer for which trailer he had failed to secure registration, contrary to Section 4503.11, Revised Code. Section 4503.11, Revised Code, provides in effect that no person who is the owner or chauffeur of a motor vehicle driven upon the public highways shall fail to secure registration for the same.

"Motor vehicle" is defined in Section 4501.01, Revised Code, as any vehicle propelled or drawn by power other than muscular power or power collected from overhead electrical trolley wires, except . . . farm machinery . . . and agricultural tractors and machinery used in the production of horticultural, agricultural or vegetable products. "Farm machinery" is defined in said section as "all machines and tools used in the production, harvesting and care of farm products." Therefore, a "farm trailer" is included in the statutory definition of "farm machinery" since a farm trailer is certainly a machine or tool used in the

production, harvesting, and care of farm products. And farm machinery being specifically excepted from the definition of motor vehicle in said Revised Code statute, it follows that a farm trailer cannot by statutory definition be considered a motor vehicle.

For the reasons above stated, Defendant's demurrer to the affidavit should be and is hereby sustained. Registration or licensing of a farm trailer is not required under the statutes of Ohio so long as the same is used in the production, harvesting and care of farm products and regardless of whether the farm trailer is being drawn by an automobile or otherwise.