STATE, PLAINTIFF, v. DEVILBLISS, DEFENDANT.

Common Pleas Court, Highland County.

No. 18955. Decided July 6, 1961.

*Mr. F. A. Johnson, Jr.,* for appellant.
*Mr. Samuel Devilbliss, in propria persona,* for appellee.

HOTTLE, J. This matter is before the Court on appeal from the decision sustaining defendant's demurrer to the affidavit filed in the Hillsboro Municipal Court.

The affidavit is brought under Section 4503.21, Revised Code, which reads in part;

"No person who is the owner or operator of a motor vehicle shall fail to display . . . the distinctive number and registration mark, furnished by the director of highway safety, . . ."

This Court is favored with a copy of the lower Court's decision in *Ohio* v. *Herman,* No. 258 in said lower Court, 87 Ohio Law Abs., 513, in which reference is made to Section 4503.11, Revised Code.

It is stipulated that a two wheel trailer is involved and that no registration of the same had been paid at the time of the citation. In order that the lower Court's decision be sustained, the trailer must be excepted from the provisions of the requirements of the Sections of Ohio Revised Code.

"Trailer" is defined in Section 4501.01 (H), Revised Code, as follows;

"(H) 'Trailer' means any vehicle without motive power designed or used for carrying property or persons wholly on its own structure and for being drawn by a motor vehicle, and includes any such vehicle when formed by or operated as a combination of a semitrailer and a vehicle of the dolly type such as that commonly known as a trailer dolly, except a house trailer."

Motor vehicle is defined in part in Section 4501.01 (B), Revised Code, as follows:

"(B) 'Motor vehicle' means any vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, except . . . farm machinery, . . . machinery used in the production of horticultural, agricultural, and vegetable products."

The Supreme Court in *Vest* v. *Kramer*, 158 Ohio St., 78, held in the first syllabus:

"1. A two-wheeled utility trailer which is designed for and employed in general highway transportation and which is attached to and operated as a unit with an automobile which provides the operative power for the unit is a motor vehicle within the meaning of Section 6290, subdivision 2, General Code." (Section 4501.01 [B], Revised Code.)

The definitions contained in Section 4501.01, Revised Code, and involved here are substantially the same as those in Section 6290, General Code, at the time of the *Vest* decision. However, the question to be decided is whether the lower Court is correct in holding that the trailer involved is encompassed in the definition of "farm machinery" and is thereby excepted from "Motor Vehicle" in said definition.

Section 4501.01 (N), Revised Code, provides:

"(N) 'Farm machinery' means all machines and tools used in the production, harvesting, and care of farm products."

The Court is aware of the requirements that construction of statutes should carry legislative intent into effect, and that strict construction of a penal law is secondary to a reasonable construction for the purpose of determining doubtful provisions. 37 Ohio Jurisprudence, Sections 275 and 422 under "Statutes," and syllabus one; *Humphrys* v. *Winous Co.*, 165 Ohio St., 45.

The leading case of a long line of authority is *State, ex rel. Oil Co.*, v. *Dauben*, 99 Ohio St., 406, the syllabus of which reads in part:

"1. Statutes or ordinances of a penal nature, . . . will be strictly construed and their scope cannot be extended to include limitations not therein clearly prescribed; exemptions from such restrictive provisions are for like reasons liberally construed."

(See also *Inglis* v. *Pontius, Supt. of Banks*, 102 Ohio St., 140 at 148.)

*State* v. *Conley*, 147 Ohio St., 351, held in the first syllabus:

"1. A penal statute should be strictly construed against the state, exemptions from restrictive provisions thereof liberally construed, and all doubts in the interpretation of such statute resolved in favor of the accused."

(See also 37 Ohio Jurisprudence, *Ibid*, Section 421.)

The first syllabus of *Cleveland* v. *Jorski*, 142 Ohio St., 529, held:

"1. Penal statutes and ordinances are strictly construed and may not be extended by implication to cases not falling within their terms."

*State* v. *Myers*, 56 Ohio St., 340, first syllabus held:

"1. A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute."

Finally, although not precisely in point, *State, ex rel.* v. *Iron Co.*, 169 Ohio St., 42, second syllabus holds:

"2. Where a word in a criminal statute may reasonably have either a wide or a restricted meaning and there is doubt as to which meaning was intended by the General Assembly, such doubt should be resolved against the state."

Definitions contained in Section 4501.01, Revised Code, apply to Chapter 4503, except as otherwise provided:

Section 4501.01, Revised Code:

"As used in Chapters 4501., 4503., 4505., 4507., 4509., 4511., 4513., 4515., and 4517., Revised Code, and in the penal laws, except as otherwise provided."

Section 4503.01, Revised Code:

"Motor vehicle" defined in Section 4505.01, Revised Code, applies to Sections 4503.02 to 4503.10, inclusive, and 4503.12 to 4503.18, inclusive, Revised Code."

It is to be noted that Section 4503.21, Revised Code, is not included in Section 4503.01, Revised Code, and the Court has not been cited to or found any statutory provision giving other definitions.

It is assumed that the legislature is aware of the mechanism of statutory construction, and if it wished to reserve two-wheeled trailers used as "farm machinery" from the definition of such, it could have easily done so.

The Court views the situation in which the statutes place the public as one subject to the test of the *use* made of the trailer, and not one subject to the test of the *kind* of vehicle.

The affidavit does not state that the use of such trailer was otherwise than that of "farm machinery" as defined in Section 4501.01 (N), Revised Code, and as used in subsection (B) thereof.

However, it was stated to this Court during oral argument that use of the trailer here involved was that of transporting a beef for butchering purposes. Such use falls within the meaning of said subsections of the statute.

The statutory provisions now existing create a situation in which the trailer could be a "hybrid" vehicle—depending upon the use made of it. Under such conditions, the arresting officer is placed at the great disadvantage of determining the "use" made of the trailer and in the dilemma of guessing whether his interpretation will be sustained in Court.

The situation is one, in the Court's opinion, that must be resolved by the legislature, if any change is desired.

The legislative intent being obvious by the clear language of said statutory provisions, the case law prohibiting extension of the scope of penal statutes and requiring exemptions to be liberally construed, the Court can only affirm the lower Court's decision.

The entry in the Municipal Court stating that the Court's finding was based upon the evidence, but no transcript thereof being before this Court (although enough statements were undisputed to justify finding the evidence sufficient) the Court cannot say that the provisions of Sections 2937.04, 2937.05 and 2945.53 (C), Revised Code, have not been met.

The Court is holding in this decision that, based upon the facts of the two-wheeled trailer being used to transport a beef for butchering purposes and usually being used for farming purposes, that such trailer is excepted from the definition of "motor vehicle" contained in Section 4501.01 (B), Revised Code, which definition applies to the term "motor vehicle" as used in Section 4503.21, Revised Code.