OPINION *Page 2 
{¶ 1} On May 16, 2006, appellant, Leelun Quinn Domin, age ten, was charged with delinquency by reason of committing the offense of menacing in violation of R.C. 2903.22(A). Said charge arose from a comment appellant made at school about bringing a gun to school and shooting everybody.
 {¶ 2} A bench trial before a magistrate commenced on November 21, 2006. The magistrate found appellant delinquent. Appellant filed objections. By judgment entry filed February 12, 2007, the trial court overruled the objections and affirmed the finding of delinquency.
 {¶ 3} On December 17, 2007, the trial court placed appellant on community control.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY FINDING THE APPELLANT DELINQUENT OF THE CRIME OF MENACING, A VIOLATION OF OHIO REVISED CODE SECTION 2903.22(A), BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT THE STATEMENTS MADE BY APPELLANT WERE MADE TO A PARTICULAR PERSON."
 II {¶ 6} "THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT DELINQUENT OF THE CHARGE OF MENACING WHEN THERE WAS NO EVIDENCE THAT WOULD INDICATE WHO THE INTENDED VICTIMS WERE." *Page 3 
 I, II {¶ 7} Appellant's two assignments of error challenge the trial court's finding of delinquency by menacing. Specifically, appellant claims there was insufficient evidence to establish that his remarks were made to a specific person or that he acted knowingly. We disagree.
 {¶ 8} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307.
 {¶ 9} Appellant was found to be delinquent by menacing in violation of R.C. 2903.22(A) which states, "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
 {¶ 10} Appellant argues there was no evidence that a threat was "made known" to a potential victim. Appellant's Brief at 5. Appellant did not deny making the comment at school that he was "gonna go and buy a gun bring it to school and shoot everybody." T. at 8. The comment was said generally, but loud enough to be heard by others. Appellant argues it was a mere comment and not directed at anyone in particular.
 {¶ 11} Appellant made the comment in front of classmates Bradley Nagy and Zachary Meronoff as they were walking out of a classroom. Both students believed *Page 4 
what appellant said and were scared and/or worried. T. 8-10, 18. Bradley testified appellant "sounded serious." T. at 11.
 {¶ 12} From the testimony of the two students, we find they believed appellant's comment was directed at them and all their classmates. Both of them admitted to being "scared" or "worried" by the comment. This evidence is sufficient to fulfill the elements of menacing as to potential victims and causing concern with the potential victims. We conclude our decision in State v. Hileman, Ashland App. No. 04COA048,2005-Ohio-1698, is distinguishable from the case sub judice. In this case, both students heard the actual comment and were impacted by it.
 {¶ 13} Appellant also argues there was no proof that he "knowingly" intended the comment to be threatening or scary to his classmates.
 {¶ 14} R.C. 2901.22(B) defines "knowingly" as, "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 15} As we stated earlier, appellant did not deny making the comment. When appellant was questioned by school counselor Jeannette Round and Stark County Sheriff's Deputy Chad Smith, he admitted to being angry, and this anger was his motivation. T. at 25, 34.
 {¶ 16} Appellant also challenges the credibility of the two students and argues their statements were inconsistent. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), *Page 5 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. In our review of the testimony, we do not find the statements to be inconsistent.
 {¶ 17} Upon review, we find sufficient evidence to establish that appellant acted knowingly, and to support the finding of delinquency by menacing.
 {¶ 18} Assignments of Error I and II are denied.
 {¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed. *Page 1