CITY OF CLEVELAND

v.

HERNANDEZ.

2011-Ohio-3394.]

Cleveland Municipal Court,
Cuyahoga County, Ohio.

No. 2010 CRB 24641.

Decided Jan. 11, 2011.

Robert J. Triozzi, Cleveland Law Director, and Lorraine Coyne, Assistant Prosecuting Attorney, for plaintiff.

Walter Edwards, for defendant.

Emanuella Groves, Judge.

{¶ 1} Kevin Hernandez, defendant, has been charged with violating Cleveland Codified Ordinance ("C.C.O.") 621.06(a), aggravated menacing. The local code section for aggravated menacing, C.C.O. 621.06(a), and the state code section, R.C. 2903.21(A), are identical. Defendant has filed a motion to dismiss the complaint because his alleged threats were communicated to the employer of the alleged victim, but not made directly to her.

{¶ 2} Defendant and alleged victim, Maria Garcia, cohabited and have children together. On June 26, 2010, while Garcia was at work, defendant called her employer. Defendant allegedly made threatening statements against Garcia to her employer. The employer notified Garcia of the alleged threats, and the police were contacted. Subsequently, defendant was charged with aggravated menacing. "Aggravated menacing" is defined as "knowingly caus[ing] another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family." [1]

{¶ 3} Defendant argues that since the alleged threat was stated to Garcia's employer, who is not an immediate family member, the complaint should be dismissed. There is a split in the appellate courts on the issue whether a menacing threat must be made directly to the intended victim or her immediate family. [2] The Fifth, Seventh, and Eleventh Districts require the threatening party to directly address his statement to the intended victim or an immediate family member for a conviction of aggravated menacing. [3] On the other hand, the First, Second, Tenth, and Twelfth Districts have held that the menacing threat need not be made directly to the intended victim. [4] Additionally, the Seventh District has found that the threat need not be communicated directly to the victim. [5] Cleveland is in the Eighth District, which has not yet squarely addressed the issue, so there is no controlling appellate caselaw on this question.

---

1. CCO 621.06(a); R.C. 2903.21(A).

2. *State v. Hileman*, 5th Dist. No. 04COA048, 2005-Ohio-1698, 2005 WL 820541; *State v. Richard* (1998), 129 Ohio App.3d 556, 718 N.E.2d 508; and *State v. Chmiel* (Sept. 26, 1997), 11th Dist. No. 96–L–173, 1997 WL 663316.

3. *State v. Knoble*, 9th Dist. No. 08CA009359, 2008-Ohio-5004, 2008 WL 4409463.

4. Id., citing *Hileman, Richard,* and *Chmiel.*

5. Id., citing *In re Fugate*, 10th Dist. No. 01AP–1195, 2002-Ohio-2771, 2002 WL 1067284; *State v. Lambert* (June 5, 1998), 2d Dist. No. 16667, 1998 WL 288957; *State v. Manny* (May 26, 1992), 12th Dist. No. CA91–06–054, 1992 WL 113246; *State v. Roberts* (Sept. 26, 1990), 1st Dist. No. C–890639, 1990 WL 410625; *State v. Kuhn* (Mar. 28, 1984), 1st Dist. Nos. C–830489 and C–830490, 1984 WL 6821.

{¶ 4} In determining which side of the split this court should adopt, it is worthwhile to review those cases that require a direct threat to the victim in aggravated-menacing charges. In *Chmiel,* the defendant stated to a mental-health worker and police officer that she had thoughts of harming her three-year-old neighbor.[6] In *Richard,* the defendant communicated the threatening statement about his ex-wife to a Child Support Enforcement Agency ("CSEA") worker.[7] In *Hileman,* the defendant called the home of the Ashland County CSEA director and made a threat against his ex-wife's father.[8] In all these cases, the threats were made to strangers of the intended victims. Therefore, the threats were remote to the intended victims. The intended victims had to be identified, contacted, and advised of the threats made against them. Additionally, the intended victims were not in close proximity at the time the others received the threats. The holdings in these cases—that the threat must be made directly to the threatened person in order to form a criminal act—were based upon facts and/or statutory interpretation.

{¶ 5} In *Chmiel,* the court applied the facts to the law and held that one's thoughts are not grounds for a conviction for aggravated menacing.[9] The court was concerned about criminal charges being brought against a person who was seeking professional help. In short, the defendant in *Chmiel* was found not guilty based upon the facts and not upon an interpretation of the statute. Consequently, *Chmiel* cannot be used to support the theory that a conviction for aggravated menacing requires that a threat be made directly to the intended person or her immediate family member.

{¶ 6} Nonetheless, the court in *Richard* cited *Chmiel* in reversing a conviction for a threat made to a third party. In *Richard,* the court reviewed the legislative history and Legislative Service Commission comments to R.C. 2903.21. The commission explained that " 'the threatened harm need not be directed at the victim as such, but may be directed at a member of the victim's immediate family.' "[10] Upon this review, the court in *Richard* concluded, "This legislative history demonstrates that * * * [the] offender [by definition has not criminally] threaten[ed] to injure *the person to whom he was speaking.*"[11] Consequently,

---

6. *In re Cunningham,* 7th Dist. No. 02–537–CA, 2002-Ohio-5875, 2002 WL 31412256.

7. Id., citing *Chmiel* at *1.

8. *Richard,* 129 Ohio App.3d at 558, 718 N.E.2d 508.

9. Id., citing *Hileman* at ¶ 1.

10. *Richard* at 560.

11. (Emphasis added.) *Richard* at 560, 718 N.E.2d 508.

the court found that the threat must be made in the presence of the intended target. The court in *Hileman* adopted the reasoning in *Richard*.[12]

{¶ 7} The problem with this interpretation is that it imposes a limitation on the manner in which the threat is made and that limitation is not within the plain language of the statute. The statute provides, "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person * * *."[13] How the offender causes the other person to believe she will be harmed is a question of fact, not a question of statutory interpretation. Words used in a statute must be given their usual, normal, and customary meaning.[14]

{¶ 8} This court declines to adopt the finding in *Richard* because *Richard* interpreted the statute when no interpretation was required. "'Where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom.'"[15] In *Knoble,* the court found that the aggravated-menacing statute is clear on its face and does not impose a requirement that the threat of harm be stated directly to the intended person.[16] Moreover, *Knoble* found that the statute does not require that the threat be made directly to the intended person, because the statute requires the person to act knowingly.[17] A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.[18]

{¶ 9} Given the analyses conducted in *Knoble* and *Richard,* this court sides with the analysis of *Knoble,* and agrees with its conclusions. Thereby, the court holds that a threat need not be directly made to an intended party in order to give rise to criminal liability. The major issues when a threat is made are whether the offender (1) acted knowingly and (2) caused the person to believe she would be harmed. The manner in which the offender caused the belief is not

12. Id.

13. *Hileman* at ¶ 10–11.

14. R.C. 1.42.

15. *Knoble* at ¶ 12, quoting *Hubbard v. Canton City School Bd. of Edn.,* 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, at ¶ 14.

16. Id., *Hileman, Richard,* and *Chmiel.*

17. *Knoble.*

18. R.C. 2901.22(B).

limited by the language of the statute. Imposing a limitation would frustrate the purpose of the statute, i.e., to prohibit persons from threatening others. In the case now before the court, defendant called his intended victim's place of employment—a place where the victim often was and where she actually was at the time the alleged threat was made. Although the alleged threat was not made directly to the victim, it was quite reasonable to believe that the threat would be conveyed to her—indeed, it was highly likely. The mere fact that the defendant used a messenger to deliver his alleged threat does not shield him from being held responsible for the harm caused by the message. Now, at the dawn of the 21st century, there are a multitude of methods by which criminal threats may be conveyed: phone, pager, e-mail, blog, Twitter, Facebook, and so forth. A threat made to and subsequently delivered by a third party to the intended victim can cause the same belief of potential harm as a direct threat, and is thus no less a crime.

{¶ 10} Accordingly, defendant's motion to dismiss is hereby denied.

*Motion denied.*