[Cite as *State v. McWilliams*, 2012-Ohio-663.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011-CA-00051 |
| PAUL E. MCWILLIAMS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Canton Municipal Court
                              Case No. 2010 CRB 04374

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:       February 13, 2012

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

ANTHONY RICH                               WAYNE E. GRAHAM, JR.
Assistant Canton City Attorney             4450 Belden Village St., N.W. Suite 703
218 Cleveland Ave. S.W.                    Canton, Ohio  44718
Canton, Ohio  44701

*Delaney, J.*

{¶1} Defendant-Appellant Paul E. McWilliams appeals his acquittal in the Canton Municipal Court of one count of aggravated menacing, R.C. 2903.21, due to finding of not guilty by reason of insanity.

{¶2} On September 30, 2010, around 3:30 p.m., Appellant patronized Ernie's Bar in Canton, Ohio and engaged the bartender, Elizabeth Hewitt, in conversation. Also present at the bar was Jeff Ramser, an off-duty Canton police officer. During his conversation with Ms. Hewitt, Appellant proceeded to discuss his military service in Vietnam. Appellant also discussed his longstanding dislike of the Mayor of Massillon, Francis Cicchinelli, and his desire to physically harm the Mayor. He also indicated his animosity towards law enforcement, former President Clinton and President Obama. Appellant stated he had been a sniper in the military and had just purchased a rifle. He told Ms. Hewitt he was going to shoot the Mayor in the head with the rifle. Prior to leaving the bar, he threatened Ms. Hewitt by stating he [Appellant] was going to throw her off a cliff and make it look like an accident.

{¶3} Obviously concerned, Ms. Hewitt followed Appellant outside and recorded his license plate number. Officer Ramser immediately called the Canton Police Dispatch and relayed the threats. The police issued a nationwide bulletin for officer safety based on the threats towards police in general.

{¶4} Protective services were provided to the Mayor until Appellant was taken into custody. After Appellant was arrested, the Secret Service interviewed him to discuss the threats made against the President Obama and former President Clinton.

{¶5}    On October 1, 2010, two complaints were filed in Canton Municipal Court charging Appellant with two counts of aggravated menacing, each being misdemeanors of the first degree in violation of R.C. 2903.21.  The first complaint alleged aggravated menacing against Ms. Hewitt. The second complaint alleged aggravated menacing against Mayor Cicchinelli.

{¶6}    Appellant initially pled not guilty to the charges; however, he subsequently entered a plea of not guilty by reason of insanity.

{¶7}    Appellant exercised his right to a jury trial and was found not guilty as to first complaint involving Ms. Hewitt and not guilty by reason of insanity as to the second complaint involving the Mayor.   Pursuant to R.C. 2945.40, the trial court ordered Appellant to receive treatment through Trillium Family Solutions and the Veteran's Clinic. He was ordered not to possess any weapons and to have no further contact with Ms. Hewitt or the Mayor.

{¶8}    A stay of the sentence was granted by the trial court and this appeal ensued.

{¶9}    Appellant raises one Assignment of Error:

{¶10}  "I.    THE VERDICT IN THIS CASE IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE ALLEGED THREATS WERE UTTERED TO ONE WHO IS NEITHER THE PURPORTED VICTIM NOR A MEMBER OF THE IMMEDIATE FAMILY OF THE PURPORTED VICTIM.

{¶11}  R.C. 2903.21, the aggravated menacing statute, provides that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical

harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶12} At trial, Appellant unsuccessfully moved to dismiss the aggravated menacing charge involving the Mayor because his alleged threats were communicated to Ms. Hewitt, and not directly to the Mayor. Appellant relied upon our decision in *State v. Hileman*, 5th Dist. No. 04 COA 48, 2005-Ohio-1698, in which we interpreted R.C. 2903.21(A) to require that a threat of serious physical harm must be directly spoken to the purported victim or a member of the immediate family of the purported victim. In *Hileman*, the defendant was charged with aggravated menacing following a telephone call he made to the home of Howard Grim, the Director of the Ashland County Child Support Enforcement Agency. The defendant spoke with Grim's wife and informed her that he intended to shoot and kill his ex-wife's father. We vacated defendant's aggravated menacing conviction because the defendant made the threat of serious physical harm to Mrs. Grim, and not in the presence of his former father-in-law.

{¶13} In *Hileman*, we recognized that appellate courts were split as to the proper interpretation of R.C. 2903.21(A). The First District Court of Appeals has held that the threat constituting menacing need not be made in the presence of the intended target. See, *State v. Roberts* (Sept. 26, 1990), 1st Dist. No. C-890639, 1990 WL 410625, citing *State v. Kuhn* (Mar. 28, 1984), 1st Dist. No. C-830489, C-839490. The Twelfth District Court of Appeals has followed the First District's interpretation. See, *State v. Manny* (May 26, 1992), 12th Dist. No. CA91-06-054.[1]

---

[1] Although not cited in *Hileman*, this conclusion was also reached by the Tenth District Court of Appeals in *In re Fugate,* 10th Dist. No. 01AP-1195, 2002-Ohio-2771, at ¶ 12.

{¶14} In *Hileman,* we decided to follow the precedent issued by the Seventh District in *State v. Richard* (1998), 129 Ohio App.3d 556, 718 N.E.2d 508, and the Eleventh District Court of Appeals in *State v. Chmiel* (Sept. 26, 1997), 11th Dist. No. 96-L-173, 1997 WL 663316. Both courts reversed convictions under R.C. 2903.21 because the alleged victim was neither the person to whom the defendant addressed the threats nor a close relative of that person.

{¶15} We determined that the *Richard* and *Chmiel* correctly interpreted R.C. 2903.21 for the following reasons.

{¶16} First, the plain language of R.C. 2903.21 specifically identifies to whom the threat of serious physical harm must be directed in order to find a violation of the statute. Second, the legislative history of R.C. 2903.21 supported this conclusion because prior to 1974, the alleged perpetrator had to threaten to injure the person to whom he or she was speaking. However, after 1974, the General Assembly broadened the class of potential victims to include immediate family members of the person to whom the alleged perpetrator made the threat of serious physical harm. In expanding the class of potential victims the General Assembly did not go so far as to include persons who were not directly spoken to by the alleged perpetrator or persons who were not immediate family members of the person spoken to by the alleged perpetrator.

{¶17} Third, the line of cases reaching a different conclusion focus on the culpable mental state of "knowingly". These cases hold that it is sufficient if the alleged perpetrator knows that his or her message will reach the intended target. However, we found that such an interpretation ignores the language of R.C. 2903.21 that specifically

identifies the class of potential victims. Although we agreed in *Hileman* that the culpable mental state is "knowingly," the statute also requires that the alleged perpetrator act "knowingly" towards the class of persons identified in the statute.

{¶18} More recently, the Ninth District Court of Appeals joined those appellate districts holding that, for an aggravating menacing conviction under R.C. 2903.21, the menacing threat need not be made in the presence of the intended victim.

{¶19} In *State v. Knoble*, 9th Dist. No. 08CA009359, 2008-Ohio-5004, the defendant, a teacher, had a personal feud with a school district official. The teacher made threats to harm the school official to a fellow teacher and two cafeteria workers, who communicated the threats to the school official. The defendant was charged and convicted of aggravated menacing in the Oberlin Municipal court. On appeal, the defendant argued his conviction was based on insufficient evidence and was against the manifest weight of the evidence, because his threats were not made directly to the school official, nor to a member of the official's family, and that they were not made to people he knew or should have known would convey his threats to the school official.

{¶20} In affirming the conviction, the Ninth District began by examining the language of R.C. 2903.21 and stated:

{¶21} "We conclude that R.C. 2903.21 is clear and unambiguous on its face and does not impose a requirement that the threat of harm must be uttered directly to the intended victim. Those districts that require the threat be made directly to the victim proceed to delve into the legislative history of the statute without first making an express finding that it is, in fact, ambiguous. They ultimately hold that the legislature intended that the threat be uttered directly to the intended victim: * * * (quoting *Hileman*, at ¶ 27)

{¶22} "We, however, are not willing to make that "addition [ ] to the statute" as other districts have done because we find the statute is unambiguous on its face. (Footnote and citation omitted). Instead, we look to the plain meaning of the statute and consider that "[t]he question [here] is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." (Citations omitted). Id. at ¶ 13.

{¶23} It is obvious to this writer that appellate courts have struggled to interpret R.C. 2903.21 in a consistent fashion.  The First, Ninth, Tenth, and Twelfth  appellate districts have held to sustain an aggravated menacing conviction, a threat to cause harm need not be made directly to the intended victim but may be sufficient if made to a third-party to whom the defendant knew or reasonably knew should have known would convey the threat to the intended victim.  It should also be noted that the Seventh District, since its decision in *Richard,* supra, has decided to follow this reasoning.  See, *In re Cunningham*, 7th Dist. No. 02-537-CA, 2002-Ohio-5875 (the threat need not be made directly to the victim, it may be made indirectly if there is evidence to support the conclusion that the offender knew the threat would probably reach the victim). See also, accord, *State v. Scott*, 7th Dist. No. 07 MA 152, 2009-Ohio-4961.

{¶24} The Eighth District Court of Appeals has yet to address the issue, but recently a case was reported from the Cleveland Municipal Court adopting the analysis of the Ninth District in *Knoble*, supra. In *City of Cleveland v. Hernandez,* 163 Ohio Misc.2d 37, 2011-Ohio-3394, the defendant called his intended victim's place of employment and made threatening statements against her to her employer.  The employer notified the intended victim of the alleged threats, and the police were contacted. The defendant was charged with aggravated menacing.  The defendant filed

a motion to dismiss since the alleged threat was stated to the employer, and not made directly to the intended victim or her immediate family.

{¶25} The trial court agreed with the conclusion in *Knoble* and held that a threat need not be directly made to an intended party in order to give rise to criminal liability. "The major issues when a threat is made are whether the offender (1) acted knowingly and (2) caused the person to believe she would be harmed * * * The mere fact that the defendant used a messenger to deliver his alleged threat does not shield him from being held responsible for the harm cause by the message. Now, at the dawn of the 21st century, there are a multitude of methods by which criminal threats may be conveyed: phone, pager, e-mail, blog, Twitter, Facebook, and so forth.  A threat made to and subsequently delivered by a third party to the intended victim can cause the same belief of potential harm as a direct threat, and is thus no less a crime". Id. at ¶ 9.  Therefore, the trial court denied the motion to dismiss.

{¶26} In the case sub judice, the State does not expressly ask this panel to overrule *Hileman,* but suggests we follow the First District's analysis in *Roberts*, supra, because the threat against the Mayor was communicated through another victim, Ms. Hewitt, and thus it was likely both threats would be communicated to the police and taken seriously due to the alleged victim being a public official.  Thus, the State argues a trier of fact could have concluded that the element of knowledge was proved beyond a reasonable doubt.

{¶27} We agree with the analysis set forth in *Knoble* that the plain language of the statute criminalizes a person's threat of violence that create fear or cause apprehension of serious physical harm in another person.  We further agree that to

sustain an aggravated menacing conviction, a threat to cause the harm need not be made directly to the intended victim, as we found in *Hileman*, but may be sufficient if made to a third-party to whom the defendant knew or reasonably should have know would convey the threat to the intended victim. To the extent it holds otherwise, we overrule *Hileman.*

{¶28} The sole assignment of error is overruled and the judgment of the Canton Municipal Court is affirmed.

By: Delaney, J.

Gwin, P.J. and

Farmer, J. concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. SHEILA G. FARMER

[Cite as *State v. McWilliams*, 2012-Ohio-663.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PAUL E. MCWILLIAMS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011 CA 00051 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER